# Staunton.

76  857
94  581

WRIGHT, &C. V. STROTHER ET ALS. AND WRIGHT, &C. V.
WRIGHT ET ALS.

### October 16, 1882.

1. CHANCERY PRACTICE—*Interlocutory decrees—Rehearing.*—A decree is not final, but interlocutory, which leaves anything to be done to afford completely the relief contemplated, and such a decree may always, in a pending cause, on a rehearing, be altered at the sound discretion of the chancellor, however great the lapse of time.

2. IDEM—*Cotenants—Partition.*—Where some of the cotenants have sold their undivided interest in lands and reserved liens for the unpaid purchase money, the existence of these liens on the undivided shares does not, *per se*, prevent the division of the common property among the owners. The liens will be considered as attaching to the parcels under the partition in severalty.

3. IDEM—*Idem—Rehearing—Reversal.*—Where partition has been made among the cotenants, it will not be disturbed at the instance of the lien creditors, unless they show that it is unequal and unfair as respects the security for their debts.

Appeals from decrees of circuit court of Frederick county in a certain cause therein pending under the style of Mitchell *v.* Wright *et als.* Its object was to make partition of certain lands among the cotenants thereof, some of whom were purchasers of undivided shares thereof from certain of the original coparceners who had reserved liens for the unpaid purchase money. Partition was made and confirmed by a decree entered 13th June, 1873, which decree, however, contemplated and provided for a further decree to give complete relief. Afterwards J. T. Strother and other creditors having liens on the land for the undivided shares thereof sold by them, conceiving that the partition

was unequal and unfair as respects them, petitioned for a rehearing of the said decree and for a new partition. Commissioners selected to make the partition were directed to examine the land assigned under the old partition to J. T. Wright and to Mrs. B. F. W. Boyce, and ascertain whether or not the assignment was injurious to the rest. They examined and reported that it was, and made a new partition. The circuit court confirmed their report by its decree of 26th May, 1879. From that decree J. T. Wright and Mrs. Boyce appealed to this court. Pending that appeal—to-wit: on the 18th October, 1881—certain parts of said tract which had been purchased by U. L. Boyce were sold under a decree in said cause and purchased by Mrs. B. F. W. Boyce, and the sale was confirmed by the circuit court, overruling the objections of said J. T. Wright and of Mrs. Boyce thereto; and they obtained also an appeal from that decree. Mrs. Boyce, before the hearing, dismissed both of her appeals.

*Dandridge & Pendleton,* for the appellant.

*Barton & Boyd,* for the appellees.

BURKS, J., delivered the opinion of the court.

These two causes are so connected that they must of necessity be considered together. Mrs. Boyce having dismissed her appeal in each of the causes, Joseph T. Wright is now the only appellant. His complaint is of the partition confirmed by the decree rendered June 20, 1879, in the cause first above named, and the ground of complaint is not that the land set apart to him is not the full and fair measure of his original interest, as one of the heirs of Joseph Tuley in the "Lucky Hit" and "Tuleyries" farms, but that he is not permitted to retain the land assigned to him by a previous decree, rendered in the second named

cause June 13, 1873, which was afterwards amended by the decree of May 26, 1879.

And it is contended by his counsel, first, that the decree of June 13, 1873, is a final decree. If the contention is well founded, it must be conceded, I think, that the decree is conclusive at least on the vendor's holding liens on the undivided interests in the lands sold and conveyed by them respectively to U. L. Boyce. They were all parties to the cause, and if the decree being final was erroneous, their only remedy to correct it was either by bill of review or by appeal. They did not appeal, nor, treating their petition as a bill of review, was it filed within the time prescribed by the statute. But I do not regard the decree as final within the meaning of the rule applicable to bills of review. What that rule is has been so often stated by this court that it is hardly necessary to be restated. I need only refer to the recent cases of *Ryan* v. *McLeod*, 32 Gratt. 367, and *Rawlings' Ex'or* v. *Rawlings and others*, 75 Va. Rep. 76, where a full discussion of the subject will be found. It is sufficient to say in general terms, that a decree which leaves anything to be done by the court in a cause to give completely the relief contemplated, it is not a final decree. While the decree of June 13, 1873, approves and confirms the report making partition, it contemplates and provides for a further decree to give complete relief. In express terms, "leave is given the parties to whom the several parcels of land are allotted by that report, and their alienees to have such decree as the parties may agree upon finally settling their respective interests entered in the causes in vacation." Further action then by the court in the cause, and that too to complete the relief contemplated, was expressly provided for, and it does not change the nature of the decree that no application for the further decree contemplated was ever made. It was nevertheless a pending cause and open to such orders and decrees as might be necessary or proper.

But, in the second place, it is further contended that even if the decree was interlocutory, it ought not to have been changed, as it was, on rehearing after so great a lapse of time, and rights, as alleged, had become vested under it. Applications for rehearing, as is well understood, are always addressed to the sound discretion of the chancellor, and it seems to me the discretion was not improperly exercised in the present case. The alteration in the decree consisted only in reserving to the vendors of undivided shares the right to have another partition, if proper. The same judge who rendered the first decree also rendered the second, and he declares, in substance, in the latter, that the amendment is to make the former decree conform to the intention in framing it—that the true intent and meaning was that the partition should be without prejudice to the vendor's rights, &c.

It is to be observed that the vendors, after the sale and conveyance of their interests, retaining liens, became creditors, and, though still parties to the cause, it was rather in a different character than originally, and they were perhaps not so attentive to the partition as they might otherwise have been. At any rate, the decree, as amended, was just what it was intended to be, and ought to have been, in the first instance.

The effect of the alteration was to put these lien creditors in at least as good a position as if the partition had been made in a suit to which they were not parties. In such a case, as I understand the law, while partition may be made by the cotenants, it will not be allowed to affect injuriously the rights of creditors having liens on the divided property or moieties of it. Still, I apprehend such creditors would not be permitted to disturb the partition if it was equal, fair and just to them, but the liens would be considered as attaching to the parcels under the partition in severalty. I do not understand that the existence of liens on undivided shares, *per se*, prevents the division

of the common property among the owners, though there would seem to be some authorities which go to that extent. I should rather think that the owners of the unencumbered interests could compel partition, notwithstanding encumbrances on the interests of their cotenants. Otherwise their interests would be tied up by their cotenants without their consent. See Freeman on Cotenancy and Partition, § 478; 4 Minor's Inst., part 2, 1213; 2 Rob. Prac. (old ed.), 14, and the cases cited by these authors.

I think, therefore, that Strother and the other lien creditors of U. L. Boyce were entitled to a new partition if the former was unequal, unfair, and unjust to them. It was upon them to show this, and, it seems to me, it was made to appear. The commissioners selected to make the partition were directed to examine the land assigned under the former decree to Mr. Wright and his sister, Mrs. Boyce, and ascertain whether the assignment was injurious to the rights of the rest. They made the examination, and unanimously reported in the affirmative, and no evidence was taken to counteract their report in that respect. The report, I think, was properly confirmed.

This conclusion renders it unnecessary to discuss the objection to the sale of the Lucky Hit place, urged on the ground that it was made pending the former appeal under a decree the execution of which was suspended, as alleged, by *supersedeas*. The value of the appellant's interest in that place was allowed him in the land assigned him, which was taken exclusively from the Tuleyries farm. If the partition stands, as it must, in the view which has been taken, the appellant now has no interest in Lucky Hit, and therefore cannot be heard to complain of the sale. No other party is here objecting to it.

I am of opinion that the several decrees complained of in both causes should be affirmed.

DECREES AFFIRMED.