# Richmond.

NOEL'S ADM'R v. NOEL'S ADM'R.

MAY 2d, 1889.

1. DECREES—*Interlocutory—Costs.*—Every decree that leaves anything to be done by the court is interlocutory as between the parties remaining in court, even though it disposes of the costs.

2. IDEM—*Petition for rehearing—Case at bar.*—A decree construing a will adjudged that a devisee was entitled to certain land, but to nothing else unless he brought the land into hotch-pot. Its value and boundaries had not been ascertained. The residue of the estate had not been sold, nor the debts ascertained, nor an account taken of the advancements. A later decree confirmed a survey of the land made under the former decree and adjusted the costs: *held,* neither of these decrees, nor both together, did not constitute, as to said devisee, a final decree, though they did adjudicate the principles of the cause; and he was entitled to file a petition to rehear them after the expiration of one year from the date of the later decree.

3. IDEM—*Case at bar.*—The fact that devisee had filed and withdrawn with leave of the court, a petition to rehear the decree does not bar his administrator from filing a similar petition.

4. WILLS—*Construction—Case at bar.*—Testator devised his property, except land devised to his wife, to be equally divided among his children. He referred to a memorandum of advancements, which he wished to accompany his will, "in order that an equal distribution of his estate might be made." After his wife's death he added a codicil devising to a son certain land, and reciting that the death of his wife and other considerations induced him to modify his will, and that his son had lived with and been a great service and comfort to him, and that he revoked so much of the will as was inconsistent with the codicil, which did not value the land, and it was not mentioned in the memorandum: *held,* the son took the land, in addition to his share under the will, without having to account for it.

Appeal from .three decrees of circuit court of Fluvanna county, rendered September 13, 1884, November 24, 1886, and November 25, 1887, respectively, in the chancery cause wherein L. J. Walton, sheriff-administrator c. t. a. of Richard Noel, deceased, was complainant, and W. H. Noel, R. A. Noel, James P. Noel, and others, were defendants. The object of the suit was to construe the will and settle and distribute the estate of the testator, Richard Noel, deceased. The decree was unfavorable to James P. Noel, who filed and withdrew, with leave of the court, a petition for a rehearing thereof. After his decease, his administrator, J. Haden Martin, filed a similar petition, which was dismissed on the ground that the decrees complained of were final, and that the time within which a bill of review could be filed had passed. From this decree J. Haden Martin, administrator as aforesaid, appealed. Opinion states the case.

*William B. Pettitt,* for the appellant.

*T. S. Martin* and *Shepherd & King,* for the appellees.

LEWIS, P., delivered the opinion of the court.

This is an appeal from sundry decrees rendered by the circuit court of Fluvanna county in a suit which was brought to obtain a construction of the will of Richard Noel, deceased, and to have the proper accounts taken and the estate administered under the supervision of the court.

The will is dated September 16, 1853, and after devising certain property to his wife for her life, the testator directs that all the rest and residue of his estate be equally divided among his children, of whom, at the date of the will, there were six. The will also refers to a certain memorandum book kept by the testator to show the advancements made by him to his children, and "which book," he says, "I intend to accompany

this will in order that an equal distribution of my estate may be made after my death."

The testator survived his wife, and on the 20th of October, 1880, he added a codicil to his will, whereby he devised to his son, James P. Noel, a portion of his mansion-house tract of land in fee simple, reciting that the death of his wife and other considerations had induced him to desire to make certain modifications of his will, which he thereupon proceeded to specify. And in the third item of the codicil he said: "I hereby revoke and annul so much of my will aforesaid as may in anywise be inconsistent with the provisions of this codicil."

The principal question in the court below upon the merits of the case was as to the effect of the devise to the said James P. Noel of the land mentioned in the codicil.   By a decree entered on the 13th of September, 1884, the circuit court held that he was "entitled to have and to hold in fee simple the specific parcel of land mentioned in the codicil, but that he is not entitled to share, and shall not be allowed to share, in any other estate, real or personal, of which the said Richard Noel died seized or possessed, unless he is willing to bring, and does bring, into hotch-pot and account for the value of the said land mentioned in the codicil."

In November, 1885, James P. Noel filed a petition for a rehearing of the above-mentioned decree, which petition, at a subsequent term, was, by leave of the court, withdrawn, and at the April term, 1887, a petition to the like effect was presented by the administrator of the said James P. Noel, who in the mean time had died.   But the court being of opinion that the decree of the 13th of September, 1884, was a final decree, so far as the said James P. Noel was concerned, and therefore that the petition was not filed in time, entered a decree dismissing the petition; whereupon this appeal was taken.

The first question, therefore, to be determined is, whether the decree of the September term, 1884, is, as the circuit court held, a final decree; for if it was, then the application to

rehear it was not made within the time prescribed by the statute for a bill of review to be filed, and the decree dismissing the petition is right and must be affirmed.

The characteristics of a final decree, as contradistinguished from an interlocutory decree, have been so often pointed out by this court, and are now so familiar to the profession, that little need be said upon the subject in this opinion. "According to the uniform decisions of this court, a decree which disposes of the whole subject gives all the relief that is contemplated, and leaves nothing to be done by the court, is only to be regarded as final. On the other hand, every decree which leaves anything in the cause to be done by the court is interlocutory as between the parties remaining in the court." If anything, no matter what, remains to be done by the court in the cause, and the parties, nor any one of them, are not put out of court, the decree is not final but interlocutory. No case has been decided by this court, said Judge Baldwin in *Cocke* v. *Gilpin*, 1 Rob., 22, in which the decree has been held to be final where the judicial action of the court in the cause has not been exhausted. He used the expression "further action of the court *in* the cause," he said, to distinguish it from that action of the court which is common to both final and interlocutory decrees, and which may be regarded as not in but beyond the cause, namely, such measures as are necessary to carry the decree into effect, and which do not affect the merits of the case as previously adjudicated. The established definition of a final decree, said the court in *Battaile* v. *Maryland Hospital, &c.*, 76 Va., 63, is a decree that ends the cause, so that no further action of the court *in the cause* is necessary. See, also, *Ryan* v. *McLeod*, 32 Gratt., 367; *Rawlings* v. *Rawlings*, 75 Va., 76; *Jameson* v. *Jameson*, *ante* p. 51 (decided at present term), and cases cited.

Tested by this rule, the decree of September term, 1884, is not final but interlocutory. It did not put the appellant's intestate out of court, nor was the judicial action of the court in the cause exhausted as to his rights. It did not profess to

end the case as to him, leaving nothing further to be done, so far as he was concerned. On the contrary, the option was given him to accept an entirely different measure of relief from that indicated in the provision of the decree declaring him to be entitled to hold in fee simple the specific parcel of land mentioned in the codicil to the will—which was to bring the land into hotchpot, and in that event to share in "the other estate, real and personal, ot which the said Richard Noel died seized or possessed."

Moreover, neither the value nor the boundaries of the land had been ascertained, which was a necessary preliminary to bringing the land into hotchpot, nor had the residue of the estate been sold, the debts ascertained, nor any account taken of advancements; all of which was necessary to be done to enable the said James P. Noel to exercise with discretion the choice given him by the decree.

The court could hardly have intended by its decree to require a choice to be made before it furnished the necessary light by which to make it, and hence it did not intend to enter—at all events, it did not enter—a decree prematurely exhausting its judicial action in the matter. It is not disputed that a decree may be final as to one party and not as to another in the same cause (*Royall's Adm'r* v. *Johnson,* 1 Rand., 421), but it cannot be final as to any party who is not put out of the cause. As to any party remaining in the court, it can, in the nature of things, be only interlocutory.

It is clear, therefore, that the decree in question is of that character. The said James P. Noel was not put out of the cause, for the election tendered him by the decree could only be made in the cause. And if it could only be made in the cause, and not until after the court had put it in his power to elect intelligently, as cannot be successfully denied, then he remained in the court, and the decree was not final, but interlocutory. The decree undoubtedly settled the principles of the cause, so far, at least, as he was concerned; but that does not

make it, in its character, any the less interlocutory.    Further action by the court, in order to finally determine his rights in the cause, was necessary and contemplated, and that is decisive of the matter.

The appellees, however, contend that the decree of the April term, 1885, taken in connection with the decree of September term, 1884, constituted a final adjudication of the cause, and that, as both of those decrees were entered more than a year before the petition for a rehearing was filed, the petition was rightly dismissed.    We think this position, also, is untenable. The decree of September term, 1884, in order to ascertain the proper boundary lines of that portion of the mansion-house tract of land, devised to James P. Noel, directed the county surveyor to make a survey of the land according to the directions contained in the decree, and to make report to the court.    This was done, and by the decree of April term, 1885, the surveyor's report was confirmed; and in the same decree the costs of the suit were ordered to be paid by the administrator *c. t. a.* of the testator, Richard Noel, deceased.    But this action of the court accomplished only a part of what remained to be done by the court when the decree of the previous September term was entered.    It appeared that the question as to the proper boundaries of the land, as described in the codicil of the will, was in dispute, and, of course, it was necessary to determine that matter, as well as to take the accounts already indicated, and to settle the estate, before the case could be gotten in a condition to enable the said James P. Noel to act under the decree last mentioned.    And the fact that costs were decreed does not at all determine the character of the decree, as this court has repeatedly decided.

" As to the disposal of costs," said Judge Baldwin in *Cocke* v. *Gilpin*, "that is a matter (as concerns this question) altogether equivocal; for the court has undoubtedly the power to dispose of the costs which have accrued, from time to time, at any stage of the cause, or not to dispose of them at all, accord-

ing to its discretion." Accordingly a decree in that cause which disposed of the costs was, nevertheless, held to be an interlocutory decree.

It need only be added in this connection that the right to a rehearing was not affected by the withdrawal of the petition which was filed by James P. Noel in his life time. The petition was withdrawn by leave of the court, and its withdrawal can in no way be construed as an adjudication upon the merits of the case or as constituting an estoppel. It was nothing more, in effect, than a sort of new suit in equity, which worked no injury to any party to the cause.

Upon the merits, also, we think the case is with the appellant. The decree of the September term, 1884, decided that the said James P. Noel was not entitled to share in the distributable estate of his deceased father, unless he should bring into hotch-pot the land specifically devised to him by the codicil to the will. This, we think, is not the true construction of the will, construing, as we must, the will and the codicil as one instrument.

The purpose and scheme of the original will undoubtedly was exact equality in the distribution of the testator's estate among his children. Indeed, the will in express terms so declares. But the purpose thus unmistakably manifested was changed when, nearly thirty years after the date of the will, the codicil was written. His wife was then dead, and this and other considerations, he declares in the codicil, induced him to desire to modify the disposition of his real estate which had been made in the will. And then he goes on to devise unto his son James, in fee simple, so much of his mansion-house tract of land as was comprised within certain described boundaries, without any conditions or qualifications whatever, and expressly revokes and annuls so much of the will as may in anywise be inconsistent with the provisions of the codicil.

We think the language of the codicil and the surrounding circumstances show clearly a purpose on the part of the testator

to so far change the scheme of the original will as to give to his said son, in addition to what had been given him by the will, a portion of the mansion-house tract of land without any accountability therefor. His partiality in this regard is manifested by the reference in the codicil to the fact that his son and his wife had for a number of years lived with him, and the accompanying declaration that they had been "of great service, as well as a great comfort and protection" to him. Besides, the land is not valued in the codicil, nor is there any entry concerning it in the memorandum-book of advancements, which the testator in the original will declared to be the repository of the evidence of such advancements as, after his death, he desired to be charged against his children, respectively. We think, in short, that the decree, in the particular mentioned, is erroneous, and must therefore be reversed and annulled.

As to the interest in the estate devised to Mrs. Maxwell, a daughter of the testator, who died without issue in the lifetime of the latter, we say nothing, because we do not understand that the matter has been, as yet, adjudicated by the circuit court.

The decrees complained of will, therefore, be reversed, in so far as they are in conflict with this opinion, and the cause will be remanded to the circuit court for further proceedings in order to a final decree.

DECREES REVERSED.