DEMAINE *et al.*

*v.*

WASHINGTON SOUTHERN RY. CO.

(*Supreme Court of Appeals of Virginia, April 20, 1897.*)

[27 S. E. Rep. 437.]

**Railroads—Crossing Accident—Negligence—Case at Bar.**

Plaintiff's horse and hearse were injured in a collision with defendant's train, where the road crossed six or seven tracks, with an intervening space of 30 feet. Cars were standing on nearly all the tracks on each side, leaving barely space to pass. The driver brought his team nearly to a stop, and looked and listened, and then drove quickly across; and the collision occurred on the last track, with a backing train whose engine was 600 feet from the crossing. No one was on the train nearer than the second car from the engine, or at the crossing, to give warning, though the conductor knew that an approaching driver could not see or hear the train: *held*, on demurrer to the evidence, that plaintiff could recover.

Error to circuit court, Fairfax county.

Action by William Demaine and another against the Washington Southern Railway Company. From a judgment in favor of defendant, plaintiffs bring error. Reversed.

*J. M. Johnson,* for plaintiffs in error.

*F. L. Smith,* for defendant in error.

HARRISON, J., delivered the opinion of the court.

William Demaine & Son brought this action in the circuit court of Fairfax county to recover damages for injuries sustained

by their horse and hearse in a collision with a train of the defendant company at Buzzard's crossing in that county.   After all the evidence for the plaintiffs and the defendant had been presented, the defendant demurred to the evidence.   Thereupon the jury assessed the damages at $700, and the court gave judgment upon the demurrer in favor of the defendant.   This action of the circuit court is assigned as error.

Viewing the evidence as required by the rule of law governing in such cases, it appears that the accident occurred on Sunday a few hundred yards from the city of Alexandria, at a point where a road passes through the  yard limits of the Richmond & Danville Railroad Company and the defendant company, and crosses six or seven tracks,—three of one company and three or four of the other, there being a space of 30½ feet between the two sets of tracks.   It appears that this road is the route to a cemetery lying near the railroads, and on the opposite side thereof from the city. .  On the occasion in question a funeral procession had passed from the city to the cemetery, and was returning when the collision took place.   The evidence shows that box cars were standing on all of these tracks, except the main track of each company, on either side of the crossing, and so close together that the planks of the crossing were partly occupied by them.   The  tracks were so full of  cars on  both sides that the crossing was described by the witnesses to be like a tunnel, and so narrow that but one vehicle could go through.   The funeral procession passed safely through this condition of things to the cemetery, and in about 15 minutes the hearse returned.   The evidence shows that the driver of the hearse knew that it was a dangerous place, and, as the crossing was approached on his return, he brought his team nearly to a standstill, and looked and listened carefully before attempting to cross ; that the cars were all standing as they were when he passed them 15 minutes before ; that there was no smoke, no whistle, ringing of the bell, or noise of any sort to indicate that any of the cars were about to move ; and, having thus satisfied himself that everything was safe, he

started over, quickening his speed to a trot in order to get through as soon as possible. It appears that a freight train of empties, about 600 feet long, was standing on the main track of the defendant company, which was the last track that had to be crossed, the front of the train, with the engine, being 600 feet from the crossing, and the rear of the train near the crossing towards which it was being backed; and as the hearse came upon this main track of the defendant the collision with the backing train occurred, resulting in the damage complained of.

It further appears from the plaintiff's evidence that no one was on the train nearer to the crossing than the second car from the engine; that no one was on the ground at the crossing to give any warning that the train was about to move backward; that the conductor knew the funeral procession had gone over to the cemetery, and would return in a few minutes; that the surroundings prevented the driver from being able to see that the train was moving; and that no noise could be heard to indicate that a train was moving, although the driver was listening as he approached the point of collision.

If this case had been submitted to the jury upon the whole evidence adduced before them, and they had found either for the plaintiff or defendant, there being a conflict of evidence, the verdict could not have been disturbed.

It seems to us, therefore, that under the settled rules of law which govern the court in its decision upon a demurrer to evidence where all evidence of the defendant in conflict with that of the plaintiff must be excluded, the plaintiff's case was made out, and there should have been a judgment on the demurrer in their favor.

For these reasons, we are of opinion that the judgment of the circuit court must be reversed, and judgment rendered for the plaintiffs on the demurrer to evidence.

KEITH, P., absent.