# Staunton

## BROWN v. CAROLINA, CLINCHFIELD AND OHIO RAILWAY COMPANY.

### September 7, 1914.

1. APPEAL AND ERROR—*Final Judgment—Act of Limitations.*—A judgment in an action is final when it is a termination of the particular action or suit, although it is not a final determination of the rights of the parties. In the case at bar, if the order complained of is final it is barred by the act of limitations, if it is not final no writ of error lies, so in either event the writ of error must be dismissed as improvidently awarded.

Error to a judgment of the Circuit Court of Scott county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Dismissed.*

The opinion states the case.

*John Kee* and *Russell S. Ritz,* for the plaintiff in error.

*S. H. Bond* and *Walter H. Robertson,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Upon the calling of this cause the defendant in error moved the court to dismiss it upon the ground that the petition for the writ of error was presented to the court more than one year after the final order or judgment was entered in the cause. Pollard's Code, sec. 3473.

On the 21st of August, 1912, a vacation order, of which the following is a copy, was entered in the cause:

"An order having been entered at the last term of said court authorizing a special appearance for the purpose of making a motion to quash the writ issued in this cause and to allow the said motion to be argued before the undersigned, judge of said court, in vacation on the day fixed in said order, and said motion having been continued, by request, from said date until the 19th day of August when the parties, by their attorneys, appeared at the office of the undersigned in Lebanon, Virginia, and argued said motion, and the same having been further continued to this date and said motion and the arguments of counsel having been considered and being of opinion that said writ was not issued as required by section 106 of the Constitution of Virginia, it is therefore ordered that said writ be and it is, for reasons stated in writing, quashed. The motion of the plaintiff to amend said writ is overruled."

On the 26th of September following, the plaintiff moved the court to set aside the order of August 21st. This motion was overruled and exceptions taken to the action of the court.

By section 3427 of Pollard's Code, which authorized the court to hear the motion in vacation, it is provided that "all judgments, orders and decrees so made and entered shall have the same force and effect as if made and entered in term, except that in the case of a judgment for money the same shall be effective only from the time of day at which it is received at the clerk's office to be entered of record." If the vacation order was a final order, then the order entered at the September term was a mere nullity, for the court at the succeeding term had no more authority to reopen the case and set aside that order than if made at the preceding term of the court.

The court having held by its vacation order that the

original summons in the case was void and that it could not be amended put an end to that case.

A judgment is final when it is a determination of the particular action or suit, although it is not a final determination of the rights of the parties. 1 Black on Judgments, sec. 26; *Central Transportation Co.* v. *Pullman Palace Car Co.,* 139 U. S., 11 Sup. Ct. 478, 35 L. Ed. 56, 60-61.

In the case, in which there was a compulsory non-suit, it was held that while a new action could be brought for the same cause of action, it was final disposition of the particular case, and that the party against whom the judgment of non-suit was entered was entitled to a writ of error. *Van DeVier* v. *Stanton,* 1 Cowan (N. Y.) 84.

If a writ of error lies in a case where a compulsory non-suit is ordered, it would seem that it would lie where the original summons was quashed because void and no amendment allowed.

But if the vacation order entered in this cause is not a final order within the meaning of section 3454 of Pollard's Code, then the order of the September term following, overruling the motion to set aside the vacation order was not final; for the order entered in September possesses no more of the elements or qualities of a final order than does the order entered in August. If not final, then a writ of error would not lie to either. Whether, therefore, the vacation order be considered as a final order or an interlocutory order, the result is the same; for if final, then the right to award a writ of error was barred by the statute of limitations before the petition was presented to the court, and if not final then no final order has been entered in the cause.

In either view, there was no authority for granting the writ of error, and it must be dismissed as improvidently awarded.

*Writ dismissed.*