Syllabus.

## Wytheville.

## Mary M. Lee (Mrs. Robert E. Lee, Jr.) v. George Bolling Lee, et als.

June 11, 1925.

Argued before Judge Chichester took his seat.

1. Appeal and Error—*Final Judgments and Decrees—Decree not Appealable Unless Final or Adjudicating the Principles of the Cause.*—Under section 6336 of the Code of 1919 a decree in equity is not appealable unless it be final or one that adjudicates principles of the cause.

2. Judgment and Decrees—*Final Judgments and Decrees—What is a Final Decree.*—A final decree is a decree which terminates the suit or definitely determines the rights of the parties, and leaves nothing further to be done by the court in the cause, though it may still enter such decrees and orders as may be necessary to carry the decree into execution.

3. Appeal and Error—*Final Judgments and Decrees—Interlocutory Decrees.*—A decree which leaves anything to be done by the court in the cause to give completely the relief contemplated is an interlocutory and not a final decree.

4. Appeal and Error—*Final Judgments and Decrees—Parties not Put Out of a Cause.*—A decree may be final as to one party and not to another in the same cause, but it cannot be final as to any party who is not put out of the cause. As to any party remaining in the court, it can, in the nature of things, be only interlocutory.

5. Appeal and Error—*Final Judgments and Decrees—Decree Disallowing Plea of Another Suit Pending and Requiring Defendant to Answer.*—In a suit to construe wills a decree was entered disallowing defendant's plea of a prior suit pending and requiring defendant to answer.

   *Held:* That the decree was not final. The finality of the decree must be tested by its effect upon the rights of the parties in the instant case, and not in the other suit pending.

6. Appeal and Error—*Decree Adjudicating the Principles of the Cause—Definition.*—It is not easy to give a general definition of the phrase, "the principles of the cause," which will fit every case. But it must refer to principles which affect the subject of the litigation and the rules by which the court will determine the rights of the parties in

the particular suit. It must mean that the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case, in order to ascertain the relative rights of the parties with regard to the subject matter of the suit.

7. APPEAL AND ERROR—*Another Suit Pending—Decree in One Case not a Final Disposition of the Other Case.*—A decree disallowing and reject-- ing defendant's plea of a prior suit pending and requiring defendant to answer does not make any disposition of the prior suit.

8. APPEAL AND ERROR—*Decree Adjudicating the Principles of the Cause— Decree Requiring Defendant to Answer.*—A decree disallowing defend- ant's plea of another suit pending and requiring defendant to answer the bill is in no sense a decree adjudicating to the principles of the cause.

9. APPEAL AND ERROR—*Decree not Appealable—Jurisdiction of Appellate Court to Decide Other Questions.*—Where the Supreme Court of Ap- peals has reached the conclusion that the decree under review is not an appealable decree, that court is without jurisdiction to decide any other question in the case.

10. JURISDICTION—*Another Suit Pending—Suit in which Process is First Served—Complete Relief.*—As a general rule the suit in which process is first issued and served has precedence. But where the suit last filed can give complete relief to all parties involved, which could not be given in the first suit, the court in which the second suit is pending should retain jurisdiction and grant the complete relief the parties are entitled to.

11. JURISDICTION—*Another Suit Pending—Suit in which Process is First Served—Court in First Suit not Able to give Complete Relief—Case at Bar.*—In a suit to construe wills defendant pleaded a prior suit pending. From an examination of a record, it appeared that the bill in the instant case was broader in its scope than the bill in the prior case. The court in the prior case had never acquired jurisdiction *in personam* over the executor without which it could not grant any personal judgment against him. The court in the instant case, on. the other hand, has acquired jurisdiction over the subject matter of the litigation and over the persons of all parties, the defendant having filed her pleas and a decree having been entered thereon. It follows that the court in the instant case should be permitted to· dispose of the property and settle all matters in controversy; with- out interference from the court in the prior case.

Appeal from a decree of the Circuit Court of Fairfax county. Decree for complainant. Defendant appeals.

*Appeal dismissed.*

The opinion states the case.

*Jas. D. Johnston, C. B. Northrop,* and *Randolph G. Whittle,* for the appellant.

*Thomas R. Keith* and *John S. Barbour,* for the appellees.

WEST, J., delivered the opinion of the court.

General W. H. F. Lee, who was a resident of Fairfax county, Virginia, died testate in 1891, and his will was duly probated in Fairfax county in November of that year. His two sons, Robert E. Lee, Jr., and George Bolling Lee, were named as executors, and Robert E. Lee, Jr., qualified as executor under the will, his brother, George Bolling Lee, being at that time a minor. Robert E. Lee, Jr., acted as executor until his death on September 7, 1922, but never filed any inventory or settled any account as executor. On October 10, 1922, George Bolling Lee qualified as executor in Fairfax county, but has never filed an account or made any settlement as executor.

Among the provisions in the will of General Lee is the following: "I bequeath all of my personal and real estate of every nature and kind and description, and wheresoever situated, to my wife, Mary Tabb Lee, during her life, and at her death, to be divided between my two sons, R. E. Lee, Junior, and George Bolling Lee, provided they or their children are alive at the death of their mother. Should neither of my sons or their children be alive at their mother's death, without having devised the estate bequeathed to them, the said estate shall pass and descend to my heirs at law. But should either of my sons die prior to their mother,

leaving no issue of their body and without having devised the property given them by my will, the same shall descend to the survivor or to the children of the survivor of them.''

Mary Tabb Lee, life tenant named in the will, died May 5, 1924. Robert E. Lee, Jr., who was a resident of Fairfax county, left a will which was probated in Fairfax on September 30, 1922, and contains the following clause:

"Second: Whereas my father, William H. F. Lee, died about thirty years ago, leaving his estate to my mother for and during her life, with remainder in fee in said estate to myself and to my brother George Bolling Lee, I hereby devise and bequeath to my wife, Mary M. Lee, my interest in the estate so left by my father, until she remarries, or, should she not remarry, then during her lifetime, with the remainder, after her remarriage or death, as the case may be, to my said brother, George Bolling Lee.''

General W. H. F. Lee left considerable personal property and owned at his death valuable real estate, consisting of his home "Ravensworth," in Fairfax county, mercantile buildings in the city of Richmond, the "White House" tract of land in New Kent county, Virginia, and other real estate in the city of St. Louis, Mo.

George Bolling Lee contends that upon the death of his mother he became the owner of the fee simple in the entire estate of his father, while Mrs. Mary M. Lee, the widow of his brother, Robert E. Lee, Jr., deceased, claims that she is entitled during her life, or widowhood, to a one-half interest in the estate of General W. H. F. Lee, with remainder to said George Bolling Lee.

On June 24, 1924, Mary M. Lee (Mrs. Robert E. Lee, Jr.), instituted a chancery suit against George

Bolling Lee, in his own right and as executor of Mary Tabb Lee, and as executor of William H. F. Lee, in the Law and Equity Court of the city of Richmond. The subpoena was delivered to the city sergeant on that day to be executed, and was returnable to first July rules, 1924. At first July rules, the bill and exhibits were filed, subpoena returned not executed and cause continued for order of publication. At second August rules the order of publication was completed and cause docketed and set for hearing.

Certified copies of the wills of W. H. F. Lee and Robert E. Lee, Jr., are filed as exhibits with the bill, and the prayer is for a partition of the personal and real property belonging to the estate of W. H. F. Lee, for an accounting and for general relief; also for an injunction enjoining and restraining the defendant from removing any of the personal property out of the State and from interfering with complainant in any lawful use and enjoyment of the property, real and personal, owned by them as tenants in common.

On June 25, 1924, George Bolling Lee, in his own right and as executor of the estate of W. H. F. Lee, deceased, instituted a chancery suit in the Circuit Court of Fairfax county against Mary M. Lee. The defendant being a nonresident, the proceeding was by order of publication, which was completed at second August rules, 1924. The bill was filed on June 25, 1924, and an injunction was awarded thereon, enjoining the defendant from occupying or attempting to occupy any of the real estate left by W. H. F. Lee, until the court should decide that Mrs. Mary M. Lee was, under the two wills above referred to, entitled to an undivided interest in the estate of W. H. F. Lee, deceased. A subpoena was issued on June 25, 1924, to first August rules, 1924, at which time it was returned not executed.

On August 2, 1924, a further injunction was obtained from the judge of the Circuit Court of Fairfax county, enjoining Mrs. Mary M. Lee and her attorneys from further prosecuting her suit in the Law and Equity Court of the city of Richmond, and process issued upon the petition for this injunction was served upon her attorney. Both injunctions were continued in operation by decree of the September term, 1924.

The prayer of the bill is that the administration of the estate of W. H. F. Lee may be taken charge of and directed by the court; that the wills of W. H. F. Lee and Robert E. Lee, Jr., which are made a part of the bill, so far as pertinent, may be construed; that in the event it is determined that Mary M. Lee is entitled to a share in the estate of W. H. F. Lee, deceased, partition thereof may be made, and for general relief; and that Mary M. Lee be enjoined from occupying or attempting to occupy any of the real estate belonging to the estate of W. H. F. Lee, deceased.

At second August rules, on August 18, 1924, Mary M. Lee, defendant, entered a special appearance in the Fairfax county case, and filed a plea of prior suit pending between the same parties for the same cause. At first September rules, 1924, Mary M. Lee filed two separate pleas of prior suit pending in the Law and Equity Court of the city of Richmond between the same parties for the same cause.

The pleas were set down for argument, on motion of the plaintiff. The argument was heard, and on September 24, 1924, a decree was entered, rejecting and disallowing all the pleas and requiring the defendant, Mary M. Lee, a nonresident of the State of Virginia, to file her answer within twenty days from the rising of the court. This is the decree appealed from.

In disposing of the assignments of error it will be necessary to consider only one or two questions:

(1) Is the decree under review an appealable decree?

(2) Did the law and equity court acquire such jurisdiction of the subject matter or the parties as to preclude the further prosecution of the suit in Fairfax county?

[1, 2] The decree is not appealable unless it be a final decree or one that adjudicated the principles of the cause. Code section 6336. A final decree is a decree which terminates the suit or definitely determines the rights of the parties, and leaves nothing further to be done by the court in the cause, though it may still enter such decrees and orders as may be necessary to carry the decree into execution. *Brown* v. *C., C. & O. Ry. Co.*, 116 Va. 599, 83 S. E. 981.

In *Sims* v. *Sims*, 94 Va. 581, 27 S. E. 437, 64 Am. St. Rep. 772, the court, speaking through Judge Riely, said: "According to the uniform decisions of this court, a decree which disposes of the whole subject gives all the relief that is contemplated, and leaves nothing to be done by the court, is regarded as final; and on the other hand, every decree which leaves anything to be done by the court in the cause is interlocutory as between the parties remaining in court. *Cocke's Adm'r* v. *Gilpin*, 1 Rob. 20; *Ryan's Adm'r* v. *McLeod, et al*, 32 Gratt. (73 Va.) 367; *Rawlings' Ex'or* v. *Rawlings et al*, 75 Va. 76; and *Wright, etc.*, v. *Strother, etc.*, 76 Va. 857."

[3] In *Wright* v. *Strother, supra*, 76 Va. p. 859, Judge Burks, speaking for the court, says: "It is sufficient to say in general terms that a decree which leaves anything to be done by the court in the cause to give completely the relief contemplated, is not a final decree.

In *Salem Loan Co.* v. *Kelsey*, 115 Va. 383, 79 S. E. 329, the court, discussing what constitutes a final order, quotes from Professor Minor with approval as follows:

"That such an order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." 1 Minor's Inst. 800.

In Black on Judgments, section 30, we find this: "But an order which does not settle and conclude the rights involved in the action and does not deny to the party the means of further prosecuting or defending the suit, is not so far final as to be a proper subject of appeal." In the same section, the author also says: "* * * an interlocutory judgment is one which determines some preliminary or subordinate point or plea * * * but does not adjudicate the rights of the parties, or finally put the case out of court."

. Mr. Black also says in section 29 of the same work: "Nor can an appeal be taken from an order overruling a demurrer with leave to plead. There is no finality in such an order, although there would be in a judgment entered upon the demurrant's election to stand upon his demurrer or on his failure to plead and finally dispose of the case." The same author, at section 21, says: "But an order which does not settle and conclude the rights involved in the action and does not deny to a party the means of defending the suit is not so far final as to be proper subject of appeal."

The cases of *Brown* v. *C., C. & O. Ry. Co.*, 116 Va. 597, 83 S. E. 981, *Bristow* v. *Home Building Co.*, 91 Va. 22, 20 S. E. 946, 947, and *B. & O. Ry. Co.* v. *City of Wheeling*, 13 Gratt. (54 Va.) 40, relied on by appellant, are not in point, since in the first case the court quashed the writ and put an end to the case, and the plaintiff appealed; and in the last two cases the ground upon which the decree rested was that the decree complained of adjudicated the principles of the cause.

Appellant also relies on several cases decided in the Federal courts, none of which we think, on account of the decisions of this court on the question of the finality of judgments and decrees, can be controlling here.

[4] In *Noel's Adm'r* v. *Noel's Adm'r*, 86 Va. 109, 9 S. E. 584, the court holds that a decree may be final as to one party and not as to another in the same cause, but it cannot be final as to any party who is not put out of the cause. As to any party remaining in the court, it can, in the nature of things, be only interlocutory.

[5] The decree is a judgment on a plea; it does not adjudicate the rights of the parties or finally put the case out of court. The defendant is retained as a party defendant, and required to answer the bill. The finality of the decree must be tested by its effect upon the rights of the parties in the instant case and not in the suit pending in the Law and Equity Court of the city of Richmond.

Our conclusion is that the decree is not a final decree within the meaning of the statute.

Is the decree appealable as an interlocutory decree adjudicating the principles of the cause?

[6] It is not easy to give a general definition of the phrase, "the principles of the cause," which will fit every case. But it must refer to principles which affect the subject of the litigation and the rules by which the court will determine the rights of the parties, in the particular suit.

In *Johnson* v. *Mundy*, 123 Va. 730, 97 S. E. 564, the court, in discussing this phrase, said: "* * it must mean that the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply these rules or methods to the facts of the case in order to

ascertain the relative rights of the parties, with regard
to the subject matter of the suit.''

[7] The decree was not entered in the suit pending
in the law and equity court, and does not make any
final disposition of that case.

[8] The only requirement of the decree is that the
defendant, Mary M. Lee, shall answer the bill filed
against her in the Circuit Court of Fairfax county.
It is in no sense a decree adjudicating the principles
of the cause.

Did the law and equity court acquire such jurisdic-
tion of the subject matter, or the parties, as to preclude
further prosecution of the suit in Fairfax county?

[9] Having reached the conclusion that the decree
under review is not an appealable decree, this court is
without jurisdiction to decide any other question. Yet,
because of the peculiar circumstances of this case, it is
manifest that all parties are desirous to know in which
court the litigation should be conducted. We there-
fore add this:

[10] As a general rule the suit in which process is
first issued and served has precedence. But where the
suit last filed can give complete relief to all parties in-
volved which could not be given in the first suit, the
court in which the second suit is pending should retain
jurisdiction and grant the complete relief the parties
are entitled to.

[11] A careful examination of the record satisfied us
that the bill in the *Fairfax Case* is broader in its scope
than the bill in the *Richmond Case.* The Richmond
court has never acquired jurisdiction *in personam* over
the defendant, George Bolling Lee, executor of the
estate of W. H. F. Lee, deceased, without which it
could not grant any personal judgment against him.
The Fairfax court, on the other hand, has acquired

jurisdiction over the subject matter of the litigation and over the persons of all parties, the appellant having filed her pleas and a decree having been entered thereon.

It follows that the Fairfax court should be permitted to dispose of the property and settle all matters in controversy, without interference from the Richmond court.

For the reasons first above stated, we are of the opinion that the decree complained of is not an appealable decree, and that the appeal was improvidently awarded and must be dismissed.

*Appeal dismissed.*

BURKS, J., concurs in result.