# Richmond

B. P. BISHOP, ET ALS. V. E. R. COMBS, COMPTROLLER, ET ALS.

March 10, 1938.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*William S. Holland,* for the appellants.

*Hugh L. Holland* and *James G. Martin & Son,* for the appellees.

GREGORY, J., delivered the opinion of the court.

E. R. Combs, State Comptroller, instituted a suit to subject 180 acres of unimproved land in Southampton county to the payment of taxes which were due and unpaid thereon from 1926 to 1935, both inclusive. The appellants, B. P. Bishop, Sallie Lee Story, Nellie Pearl Fitchett and Lina M. Richardson were made parties defendant to the bill of complaint. There were other defendants but they are not appealing and, therefore, their interest demands no consideration here.

The cause was matured upon an order of publication as to the present appellants and it was referred to a commissioner in chancery to take, state and report upon certain inquiries specifically directed in the decree of reference. He made his report to the court answering each inquiry and there being no exception to it, it was duly confirmed by decree. It appeared from the report that the land would not rent for a sufficient sum to pay off and discharge the liens thereon within five years, and it was therefore offered for sale. J. W. Pulley was appointed as special commissioner to make the sale. The sale was made on April 2, 1936, and J. L. Cogsdale, one of the appellees, was the highest bidder and bought the land for the sum of $500. He paid the purchase money in cash to the special commissioner and, thereupon, received his deed. The purchase money was then distributed to the appellants in accordance with their respective interests, and their receipts for the amounts so received were filed in the cause. Each step taken in the suit was properly authorized by decrees.

On January 30, 1937, more than eight months after Cogsdale had purchased and paid for the land under the decree of court, the appellants gave notice to him that they would

make a special appearance and move the court to set aside the decrees in the cause and the deed made to him in pursuance thereof. They alleged that the process was void in that the affidavit upon which the order of publication was based was defective and of no effect, and that no order of publication could legally issue thereon. A hearing was had upon the notice and the court did not rule upon the validity of the order of publication, but did hold that, inasmuch as the appellants had accepted in full payment the respective amounts shown to have been due them from the proceeds of sale, they were bound by the proceedings and their motion was denied. It is from the decree denying the motion that the appellants appeal.

In our opinion the trial court was clearly correct in holding that the appellants were bound by all of the proceedings in the cause. They received from the cause their respective parts of the proceeds, have retained what was paid them and have never offered to refund it or any part thereof. If they were allowed to prevail, the effect would be that they would have the purchase price paid them and also the land freed from the lien of ten years' taxes, while Cogsdale would lose the amount he has paid in good faith for the land.

The procedure adopted by the appellants to attack the decrees of the court and to set aside the special commissioner's deed conveying the land to Cogsdale is unusual and novel. The usual method of attacking a decree or a deed is by a bill in chancery impleading all necessary parties. In the instant case, the notice that a motion would be made to vacate the decrees and to set aside the deed was served on Cogsdale but not on the other parties who would be affected by the action of the court. The property, according to statements of counsel at the bar and also in their briefs, was sold by Cogsdale to C. P. Holland and sold by the latter to J. Q. Adams. Neither Holland nor Adams is before the court.

Even if the procedure adopted by the appellants were proper the court could not do complete justice between all

of the parties in interest unless they were before the court. The appellants will not be permitted to appear specially and invoke the aid of the court and still remain beyond its reach. They must admit unconditionally to the jurisdiction of the court if they desire to ask the court to set aside the decrees and the deed.

There is no claim that any fraud has been perpetrated upon the appellants. Neither do they contend that any mistake has been made. They do not even allege that they have been in any manner prejudiced by the decrees and the deed they seek to have annulled. They do not offer to return the money they received through the decrees they now attack. Under such circumstances they have no standing in court and their motion was properly denied.

In addition to the reasons given, we think the decree of April 3, 1936, confirming the sale to Cogsdale and directing the disbursement of the proceeds was a final decree as to him and no appeal from it was ever sought, and, of course, it is too late to seek one now as more than six months have expired from its entry. *Lee* v. *Lee*, 142 Va. 244, 128 S. E. 524.

Our conclusion is that the appellants were bound by the proceedings in the cause and that the decree appealed from should be affirmed.

*Affirmed.*