COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Petty and Senior Judge Bumgardner


AJAY GOYAL

v.      Record No. 0332-07-2

TATIANA GILLESPIE                                    MEMORANDUM OPINION[*]
                                                     BY JUDGE D. ARTHUR KELSEY
TATIANA GILLESPIE                                    FEBRUARY 12, 2008

v.      Record No. 0482-07-2

AJAY GOYAL

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
George Mason, III, Judge

(Kristie L. Kane; Kristie L. Kane, P.L.C., on briefs), for
Ajay Goyal.  Ajay Goyal submitting on brief.

(Clive A. O'Leary; Law Offices of Clive A. O'Leary, on
briefs), for Tatiana Gillespie.  Tatiana Gillespie
submitting on brief.


Ajay Goyal and Tatiana Gillespie filed separate appeals from an order of the circuit court

awarding contractual support payments to Gillespie, Goyal's former wife, pursuant to a divorce

settlement agreement entered into in Cyprus.  Finding no merit in either appeal, we affirm.

## I.  GOYAL'S APPEAL OF THE CONTRACTUAL SUPPORT AWARD

In No. 0332-07-2, Goyal argues the circuit court erred by not enforcing a forum selection

clause in the Cyprus Agreement requiring legal proceedings to be filed in the Republic of

Cyprus.  Though *prima facie* valid, forum selection clauses need not be enforced if "the party

challenging enforcement establishes that such provisions are unfair or unreasonable, or are

affected by fraud or unequal bargaining power."  Paul Bus. Sys. v. Canon U.S.A., Inc., 240 Va.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Having not previously done so, we consolidate Nos. 0332-07-2 and 0482-07-2 for decision and enter this joint memorandum opinion in each.

337, 342, 397 S.E.2d 804, 807 (1990). The circuit court's order recites that it "heard testimony from the parties" and, based upon that evidence, found the forum selection clause unconscionable.

We cannot address this issue, however, because Goyal failed to file a transcript or obtain a statement of facts of this evidentiary hearing from the circuit court. See Rule 5A:8. Under settled principles, the "judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed." Crawley v. Ford, 43 Va. App. 308, 315, 597 S.E.2d 264, 268 (2004) (citation omitted). Without a record of the evidence presented on the unconscionability issue, we cannot hold the trial court erred in finding this evidence sufficient for purposes of rendering the forum selection clause unenforceable.

Goyal also argues that the circuit court erred in not entering an abatement dismissal of Gillespie's support claim because it overlapped, in part, a support claim pending in a separate proceeding in the same circuit court on an appeal from the juvenile and domestic relations district court. We disagree.

The proceeding on appeal from the JDR district court (the first proceeding) involved a claim solely for child support, while Gillespie's bill of complaint filed in the circuit court (the second proceeding) sought contractual child and spousal support pursuant to the Cyprus Agreement. Even if the two claims asserted partially duplicative monetary amounts,[1] the circuit court had no obligation to abate the second case in favor of the first. See generally Lee v. Lee, 142 Va. 244, 253, 128 S.E. 524, 528 (1925) (noting that an abatement should not be ordered

---

[1] The contract enforcement action filed in circuit court, unlike the *de novo* appeal of the JDR district court child support case, required the factfinder to determine whether Goyal breached his contractual duty to make monthly $1,000 and annual $10,000 support payments which, in context, appeared to represent a form of spousal, rather than child, support.

"where the suit last filed can give complete relief to all parties involved which could not be given in the first suit"); McAllister v. Harman, 97 Va. 543, 548, 34 S.E. 474, 474 (1899) (recognizing abatement only when "the whole effect of the second suit shall be attainable in the first"); Spiller v. Wells, 96 Va. 598, 601, 32 S.E. 46, 47 (1899) (describing the requirement of a complete recovery in the first suit as an "essential condition" to an abatement).[2]

Finally, Goyal contends the circuit court erred in ordering him to pay $20,000 in contractual spousal support for years 2002 and 2004 (he voluntarily paid 2003) pursuant to a provision requiring an annual payment of $10,000 in addition to the monthly payments also required by the Cypriot Agreement. He had no duty to make those payments, Goyal argues, because Gillespie failed to comply with her contractual duty to send their two children to private school and to obtain for them international health insurance. He points out that, under Cypriot law, "[w]hen a contract consists of reciprocal promises to be simultaneously performed, no promisor need perform his promise unless the promisee is ready and willing to perform his reciprocal promise." Cypriot Contract Law, Ch. 149 § 51.[3]

---

[2] "Generally speaking, abatement refers to '[t]he suspension or defeat of a pending action for a reason unrelated to the merits of the claim.'" Hyman v. City of Gastonia, 466 F.3d 284, 287 (4th Cir. 2006) (quoting Black's Law Dictionary 3 (8th ed. 2004)). An example of an abatement defense is "a defense that there is a separate, identical lawsuit pending." Id.; see generally 1 Charles E. Friend, Virginia Pleading and Practice § 8-1(f), at 272-73 (1998) (explaining effect of Code § 8.01-276).

[3] In his opening brief, Goyal also argues Gillespie's alleged breach entitled him to "put an end to the contract" because Gillespie failed to perform her "promise in its entirety." Appellant's Br. at 11-12 (No. 0332-07-2) (quoting Cypriot Contract Law, Ch. 149 § 39). But cf. Appellant's Reply Br. at 2 (No. 0332-07-2) ("The Appellee argues that the Agreement should be enforced, and the Appellant agrees.").

We find nothing in the record, however, to suggest Goyal argued in the circuit court that the Cypriot Agreement should be declared unenforceable *in toto*. Goyal filed no counterclaim seeking to rescind the contract or request the circuit court to otherwise "put an end to the contract" in its entirety, id. — which, if successful, would have eviscerated Goyal's contractual rights to visitation (Cypriot Agreement ¶ 2) and to a final settlement of all litigable property right claims (id. ¶¶ 4, 5). Because the record does not reveal any request by Goyal to disaffirm the contract *in toto,* we will not address this issue for the first time on appeal. See Rule 5A:18.

- 3 -

The circuit court accepted Goyal's reliance on Cypriot law but rejected his reciprocal promise argument. The court did not err in doing so. Neither the structure nor the text of the Cypriot Agreement supports Goyal's position. Paragraph 3 governs Goyal's contractual obligations, including the duty to pay $3,500 a month for spousal and child support. The parties agreed on that figure based upon a prior award of $2,500 a month ordered by a Cypriot court and an agreed increase of $1,000 a month for Gillespie's "personal expenses." Paragraph 3 states that Gillespie "recognizes" that the $3,500 monthly payment "is sufficient and satisfactory to fully cover her needs and all the needs of the children including all payments for their private education . . . and also for their full insurance under an international health insurance plan." A later provision states that Goyal may directly "make the necessary payments for school education and insurance premiums" if Gillespie fails to do so. If he makes those payments, he may "deduct any amounts paid by him" from the monthly support payments.

Paragraph 3 also requires an annual $10,000 payment as an "additional maintenance fee" in the nature of contractual spousal support. This contractual obligation appears nowhere conditioned upon, or otherwise reciprocally tied to, any duty Gillespie may have had to enroll the children in private school (which she admittedly did not do) or to obtain international health insurance (which she claimed she did). It may very well be that the $3,500 monthly payment, specifically stipulated to include both child and spousal support, might be affected by this issue,[4] but that issue is not before us and we express no opinion on it. The only question we must decide is whether the annual $10,000 "additional maintenance fee" was somehow preconditioned on any reciprocal promise by Gillespie to enroll the children in private school or to obtain

---

[4] The Spotsylvania Circuit Court addressed the issue of school tuition when it noted that the agreement "envisioned" private schooling and that the "children are not in private school." Order of Support at 3 (July 19, 2004) (No. CH03-927-00). The court "accordingly" reduced the child support award from the $2,500 outlined in the contract "to $2,084.00 per month." Id. Neither party appeals that ruling.

international health insurance for them. Given the text and structure of the Cypriot Agreement, we hold the circuit court correctly found insufficient contractual reciprocity to relieve Goyal of his obligation to make the annual $10,000 payment.

## II. GILLESPIE'S APPEAL OF THE CONTRACTUAL SUPPORT AWARD

In No. 0482-07-2, Gillespie appeals the circuit court's award as inadequate. The circuit court awarded Gillespie $20,000, stating that this figure represented the annual payments due for 2002 and 2004. On appeal, Gillespie argues the circuit court erred by not awarding her $10,000 per year "for the years 2002, 2004, 2005, 2006, and 2007" and seeks an appellate remand requiring the circuit court to do so. Appellant's Br. at 6 (No. 0482-07-2).

For several reasons, we find no merit in this appeal. The circuit court's final order specifically awarded the 2002 and 2004 annual payments. As for the payments due from 2005 to 2007, Gillespie's complaint in the circuit court never sought recovery for those payments. The *ad damnum*, which was never amended, sought only $23,874.40 in specified damages. "In Virginia, a plaintiff cannot recover more than the amount sued for." Town & Country Props. v. Riggins, 249 Va. 387, 400, 457 S.E.2d 356, 365 (1995) (citation omitted). Finally, Gillespie's counsel endorsed the final order "Seen and Agreed" and never objected on the record to the circuit court's award of $20,000 as inadequate.

## III. CONCLUSION

Because neither Goyal nor Gillespie has shown any error in the circuit court's award of contractual spousal support, we affirm.[5]

Affirmed.

---

[5] The motion to dismiss filed by Goyal is denied.