COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Athey and Friedman
Argued by videoconference


HOLLAND COLEMAN

v.      Record No. 0854-21-3

PAMELA COLEMAN

MEMORANDUM OPINION* BY
JUDGE CLIFFORD L. ATHEY, JR
MARCH 29, 2022


FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Patrick R. Johnson, Judge

Robert M. Galumbeck (Galumbeck & Kegley, Attorneys, on briefs),
for appellant.

Terrence Shea Cook (T. Shea Cook, P.C., on briefs), for appellee.


Holland Coleman ("husband") appeals from the trial court's denial of his motion to

reconsider setting aside the separation and property settlement agreement ("PSA") he entered into

with Pamela Coleman ("wife"). Specifically, husband faults the trial court for deeming the PSA

unconscionable and not incorporating the PSA into the divorce decree. We directed the parties, *sua

sponte*, to provide supplemental briefing on the threshold issue of whether this Court has subject

matter jurisdiction concerning this appeal. For the reasons that follow, we find that this Court does

not have subject matter jurisdiction and we therefore dismiss this appeal without prejudice.

BACKGROUND

Husband and wife were married on November 18, 1990. On February 2, 2017, they

executed a PSA which addressed property division, equitable distribution, and spousal support. On

August 11, 2017, husband filed for divorce and sought to incorporate the PSA in the divorce decree.

---

*Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Wife moved to set aside the PSA due to unconscionability. The trial court held that the PSA was unconscionable, set the PSA aside, and denied incorporation of the PSA in the divorce decree. Husband moved for reconsideration of the trial court's refusal to incorporate the PSA, which the trial court denied. This appeal followed.

ANALYSIS

On appeal, husband assigns error both to the trial court's finding that the PSA was unconscionable and its refusal to incorporate the PSA into the divorce decree. This Court requested that the parties provide supplemental briefing on the threshold matter of subject matter jurisdiction.[1] Finding that the trial court's refusal to incorporate the PSA in the divorce decree was not an appealable interlocutory ruling, we conclude that we lack subject matter jurisdiction to consider this appeal.

While neither party raised the issue of whether this Court has subject matter jurisdiction to hear this appeal, "[i]t is axiomatic that before considering the merits of a case, we must have subject matter jurisdiction." *de Haan v. de Haan*, 54 Va. App. 428, 435 (2009). This Court may raise the issue of subject matter jurisdiction *sua sponte*. *Earley v. Landsidle*, 257 Va. 365, 371 (1999). "Neither the consent of the parties, nor waiver, nor acquiescence can confer [subject matter jurisdiction]." *Humphreys v. Commonwealth*, 186 Va. 765, 772 (1947).

"The Court of Appeals of Virginia is a court of limited jurisdiction. Unless a statute confers jurisdiction in this Court, we are without power to review an appeal." *Canova Elec. Contracting, Inc. v. LMI Ins. Co.*, 22 Va. App. 595, 599 (1996) (citations omitted). In civil matters, this Court

---

[1] Husband argues that the trial court attempted to bifurcate the divorce decree under Code § 20-107.3(A). However, the narrow issue before us is husband's motion for reconsideration and the trial court's refusal to incorporate the PSA. *See Lawlor v. Commonwealth*, 285 Va. 187, 258 (2013). Husband's assignment of error encompasses merely the trial court's interlocutory decision to deny his motion, and we must decide cases on the narrowest grounds. *See Butcher v. Commonwealth*, 298 Va. 392, 396 (2020).

has jurisdiction over "any final judgment, order, or decree of a circuit court." Code § 17.1-405. However, a "decree which leaves anything in the cause to be done by the court is interlocutory." *Noel's Adm'r v. Noel's Adm'r*, 86 Va. 109, 112 (1889).

For an interlocutory ruling to be appealable to this Court, it must be one which is "(i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause." Code § 17.1-405(4).[2] Since this case does not involve granting, dissolving, or denying an injunction, we must analyze whether the ruling adjudicates the principles of the cause.

For a ruling to adjudicate the principles of a cause, it must

> determine that "the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit."

*Chaplain v. Chaplain*, 54 Va. App. 762, 767-68 (2009) (quoting *Pinkard v. Pinkard*, 12 Va. App. 848, 851 (1991)).

When determining whether an interlocutory order adjudicates the principles of a cause in the context of a PSA, we must draw a distinction between when the trial court rules that a PSA is enforceable upon the parties versus when the trial court rules that a PSA is unenforceable and declines to incorporate it. *Compare Chaplain*, 54 Va. App. at 768-69, *with Webb v. Webb*, 13 Va. App. 681, 682-83 (1992).

For example, in *Chaplain*, an appeal to this Court arose from the trial court's denial of a motion to strike, finding that the agreement was enforceable when the divorce was uncontested. 54 Va. App. at 768-69. Because the agreement dictated all the remaining issues of property

---

[2] Code § 17.1-405 was changed effective January 1, 2022, removing the quoted language. Husband acknowledges that the change to the new language does not apply in this case. We do not make any holding regarding the interpretation of the new language and how it is to be applied going forward. Therefore, we apply our precedent and controlling authorities which interpret the language applicable to this case.

- 3 -

distribution and precluded the parties from exercising their rights to equitable distribution and spousal support, we held that the trial court had "decided 'the rules by which [it] will determine the rights of the parties, and which will of necessity affect the final order in the case.'" *Id*. at 769 (alteration in original) (quoting *Pinkard*, 12 Va. App. at 851). Therefore, when the trial court finds enforceable an agreement that "determine[s] the rights of the parties" when "the only issue [left] before the trial court was whether the parties' property rights upon divorce were governed by their premarital agreement," such an order is an appealable interlocutory order. *Id*. at 770 (quoting *Pinkard*, 12 Va. App. at 851).

However, in *Webb*, error was assigned to the trial court's decision declining to incorporate the parties' property and separation agreement. 13 Va. App. at 682. There, we held that the interlocutory ruling of the trial court setting aside the parties' agreement was not appealable, reasoning that "[a]lthough the ruling may affect the ultimate decision concerning the disposition of the parties' property and their rights and interests in the property, it will not of necessity do so." *Id*. Without being bound by the agreement, the trial court was free to "reach the same or more favorable disposition with respect to the appellant's property rights." *Id*. at 683; *see also Polumbo v. Polumbo*, 13 Va. App. 306, 307-08 (1991) ("The agreement, if not invalid, would bar the wife's ability to recover spousal support or a monetary award. By declaring the antenuptial agreement invalid, however, the trial court did not necessarily determine that the wife would receive an award for spousal support or a monetary award.").

Here, like *Webb*, husband appeals from the decision of the trial court declining to incorporate the PSA. 13 Va. App. at 682. Since the trial court denied husband's motion to reconsider setting aside the PSA, the trial court is free to "reach the same or more favorable disposition with respect to the appellant's property rights" compared to the terms of the PSA. *Id.* at

683. Consequently, the trial court's denial of husband's motion for reconsideration is not an appealable interlocutory ruling.

CONCLUSION

For the foregoing reasons, we lack subject matter jurisdiction to consider this appeal and it is, therefore, dismissed without prejudice.

*Dismissed.*