## CIRCUIT COURT OF LEE COUNTY

Harry K. Barney

v.

H. Ronnie Montgomery

September 12, 1991

Case No. L85-12126

By JUDGE J. ROBERT STUMP

This is an attorney malpractice action arising out of a criminal case.

In 1983 Montgomery was the hired attorney for Barney who pleaded guilty pursuant to a written agreement to second degree murder and *malicious* wounding (maximum twenty-year sentence). However, the indictment charged Barney with *unlawful* wounding (maximum five years). Neither the judge, prosecutor, nor defense attorney realized this mistake. Barney was sentenced to twenty years for murder and erroneously sentenced to a consecutive term of twenty years for *malicious* wounding.

In 1988 the court granted Barney a writ of habeas corpus based on prejudicial ineffective representation of counsel and granted him a new trial.

In 1990 Barney was reindicted for first degree murder and malicious wounding. By agreement between the Commonwealth's Attorney, Barney, and his new counsel, he pleaded guilty to voluntary manslaughter (received ten years) and unlawful wounding (received five years). All of his

sentence was suspended except for actual time served, which was five years and fifty-eight days.

Montgomery's demurrer shall be sustained for the following reasons:

1. Barney does not allege in his amended motion for judgment that he is innocent of the crimes to which he pleaded guilty. Thus he has failed to state a cause of action. There are no Virginia cases on this point, but this court adopts the U. S. majority view. *See Winkler v. Messinger, Alperin & Hufjay*, 147 A.D.2d 693, 538 N.Y.S.2d 299 (1989); *B. K. Industries, Inc. v. Pinks*, 143 A.d.2d 963, 533 N.Y.S.2d 595 (1988); *Carmel v. Lunney*, 70 N.Y.2d 1169, 511 N.E.2d 1126, 1128 (1987); *State ex rel. O'Blennis v. Adolf*, 691 S.W.2d 498, 503 (Mo. App. 1985); *Claudio v. Heller*, 119 Misc. 2d 432, 463 N.Y.S.2d 155 (1983); *Hogan v. Peters*, 181 Ga. App. 670, 353 S.E.2d 601, 602 (1987); *Weiner v. Mitchell, Silberberg & Knupp*, 114 Cal. App. 3d 39, 170 Cal. Rptr. 533, 538 (1980); *Walker v. Kruse*, 484 F.2d 802, 804-05 (7th Cir. 1973).

2. As a matter of public policy, a guilty criminal should not recover damages based on ineffective assistance of counsel in this factual situation. His remedy was the granting of a new trial. Barney has twice pleaded guilty to the same or reduced charges. He should not be allowed to recover civil damages and profit from his own wrongdoing. He got exactly what he bargained for.

3. Furthermore based on his pleadings, where he does not assert his innocence, Barney cannot prove and establish with reasonable certainty that Montgomery's negligence, if any, proximately caused his damages, if any. Proof of Barney's plea of guilty of manslaughter and unlawful wounding would be admissible in evidence as a bar to this attorney malpractice action. Therefore, the attorney's negligence, if proven, could not be the proximate cause of Barney's convictions.

Montgomery's motion for summary judgment shall also be sustained for the following reasons:

1. In this case, public policy will not allow a criminal to recover for his own wrongdoing. Such a result "would indeed shock the public conscience, engender disrespect for courts, and generally discredit the administration of justice." *In re Estate of Laspy*, 409 S.W.2d 725, 737 (Mo. App. 1966).

2. Barney is attempting to profit from his own wrongdoing. This case is controlled by the law in *Eagle, Star and British Dominions Ins. Co. v. Heller*, 149 Va. 82, 140 S.E. 314 (1927), where the Virginia Supreme Court created an exception to the general rule requiring mutuality of estoppel. The facts in the Barney case are stronger and more persuasive than the facts in *Heller*. Here Barney pleaded guilty pursuant to a plea agreement and received exactly what he contracted for. Whereas, in *Heller*, the defendant was convicted by a jury. Therefore, Barney is collaterally estopped from contending he did not commit the crimes and cannot profit from his criminal conduct. Montgomery's negligence, if any, is closely connected to Barney's guilt or innocence.

In this attorney malpractice action, Barney must prove he would have won the criminal case, i.e., that it had merit. But where Barney pleads guilty twice and receives his agreed-upon sentence, how can he complain about his attorney's negligence? He cannot! What are his damages? Common sense declares that no reasonable Lee County jury would award damages in this case.

Furthermore, Barney cannot establish damages for excessive confinement. Here such proof would be pure speculation.