# GLORIA J. LEGGETT

## v.

# EARL M. CAUDILL, ET AL.

Record No. 921974

January 7, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Keenan, JJ., and Poff, Senior Justice

*Thomas G. Haskins (Sinnott, Nuckols & Logan,* on briefs), for appellant.

*Stephen A. Horvath (Melissa S. Hogue; Lewis, Trichilo, Bancroft & McGavin,* on brief), for appellees.

JUSTICE KEENAN delivered the opinion of the Court.

The dispositive issue in this appeal is whether the order appealed from is a "final judgment" or "other appealable order or decree," within the meaning of Code § 8.01-670(A)(3) and Rule 5:9(a).

Gloria J. Leggett appeals from the trial court's order sustaining a demurrer to Court I of her motion for judgment and dismissing that count with prejudice. The trial court sustained the defendants' demurrer, ruling that the Virginia Workers' Compensation Act (the Act), Code §§ 65.2-100 to -1310, provided the exclusive remedy for the allegations contained in Count I of Leggett's motion for judgment. The trial court's order dismissing Count I was entered on October 7, 1992, and on October 15, 1992, Leggett noted her appeal from this order.

After further considering demurrers to the remaining Counts II and III, the trial court dismissed those counts in November 1992 in two additional orders. The last order in the case was entered November 25, 1992. Leggett did not file a notice of appeal from either of the two November orders.

Leggett's motion for judgment named as defendants Earl M. Caudill, an ordained minister of the Christian Church (Disciples of Christ), the Official Board and Congregation of Springfield Christian Church (Disciples of Christ), and the Christian Church - Capital Area (Disciples of Christ). Caudill was senior pastor of the Springfield

Christian Church (the Springfield Church). Leggett alleged that, beginning in September 1990, and continuing during the period when she worked as associate minister for the Springfield Church, Caudill engaged in outrageous and wrongful conduct that caused her "to suffer humiliation, embarrassment, extreme mental and emotional anguish and distress."

Leggett further alleged that she voiced her concerns regarding Caudill's conduct to members of the Springfield Church's Official Board on several occasions and attempted to reconcile her differences with Caudill. Unable to resolve her difficulties, she submitted her resignation to the Springfield Church. Thereafter, the Springfield Church formed a committee to investigate the circumstances leading to Leggett's resignation and, in November 1991, released a report that failed to recommend any action against Caudill.

In April 1992, Leggett filed a formal request with the Christian Church - Capital Area (the Capital Area Church), an office of the Disciples of Christ that authorizes the ordination and certifies the standing of ministers in the geographical area where the Springfield Church is located. In her request, Leggett sought an investigation of Caudill's fitness for the ministry. After investigating Leggett's charges, the Capital Area Church advised Leggett that it would not withdraw or suspend Caudill's standing as a minister.

In Count I of her motion for judgment, Leggett sought damages from Caudill and the Springfield Church, alleging that Caudill's conduct caused her emotional distress, and that the Springfield Church knew, or should have known, that Caudill's conduct was causing her to suffer emotional distress. In Count II, Leggett alleged that the Capital Area Church negligently failed to investigate Caudill's fitness for the ministry prior to 1992 and negligently failed to respond to Leggett's request for assistance. In Count III, she alleged that the Springfield Church wrongfully breached its written employment agreement with her by "constructively discharging" her.

After the trial court sustained the demurrer to Count I against Caudill and the Springfield Church, Leggett brought this appeal, arguing that the injury she alleges in Count I is not covered by the Act. Caudill and the Springfield Church argue that the appeal should be dismissed. They contend that the order of October 7, 1992, was not final but interlocutory, and thus the notice of appeal filed October 15, 1992, was premature. They further argue that, although Leggett could have appealed the trial court's dismissal of Count I after a final order had been entered by the trial court on November 25, 1992, by filing a notice of appeal, she did not do so within 30 days after entry of that order, as required by Rule 5:9(a).

■ Initially, we hold that, as it pertained to the Springfield Church, the order of October 7, 1992, was interlocutory in nature, not final. A final order is one that "terminates the suit or definitely determines the rights of the parties, and leaves nothing further to be done by the court in the cause, though it may still enter such decrees and orders as may be necessary to carry the decree into execution." *Lee v. Lee,* 142 Va. 244, 250, 128 S.E. 524, 526 (1925). In contrast, the October 7, 1992 order left something further to be done as to the Springfield Church, because Count III remained pending against it.

■ In addition, the trial court expressly stated in the October 7, 1992 order that its jurisdiction as to Count III was continued. In the absence of a special statutory provision to the contrary, the jurisdiction of the trial court must cease before the jurisdiction of the appellate court accrues. *Allison v. Wood,* 104 Va. 765, 768, 52 S.E. 559, 560 (1906). Further, as this Court stated in *Lee,* "[a]s to any party remaining in the court, [an order] can, in the nature of things, be only interlocutory." *Lee,* 142 Va. at 252, 128 S.E. at 527; *see Dearing v. Walter,* 175 Va. 555, 561, 9 S.E.2d 336, 338 (1940).

■ We also hold that the appeal of Count I was premature as to Caudill. Although, as a result of this order, Caudill ceased to be a party defendant to the action, this Court has held that "in the absence of a statutory provision to the contrary, a judgment is not final for purposes of appeal if it is rendered with regard to some but not all of the parties involved in the case." *Wells v. Whitaker,* 207 Va. 616, 628, 151 S.E.2d 422, 432 (1966); *see also Wells v. Jackson,* 17 Va. (3 Munf.) 458, 459 (1814).

■ This Court has recognized an exception to this general rule in *Bowles v. Richmond,* 147 Va. 720, 129 S.E. 489 (1925), *aff'd on reh'g,* 147 Va. 729, 133 S.E. 593 (1926), and in *Hinchey v. Ogden,* 226 Va. 234, 307 S.E.2d 891 (1983). In *Bowles,* the plaintiff sued the City and a railroad for their negligent failure to safeguard an approach to a bridge. On the City's demurrer, the action of the plaintiff was dismissed as to the City, while the action remained pending as to the railroad. The demurrer was based on the ground that the plaintiff had not given written notice to the City Attorney, as required by the City Charter. *Bowles,* 147 Va. at 723-24, 129 S.E. at 489.

This Court held that the order sustaining the demurrer was final, because there was "no joint interest between the defendants in the matters decided by the circuit court [*i.e.,* whether plaintiff's action was barred as against the City for failure to give proper notice], nor does it relate to the merits of the case[;] therefore the judgment is final as to the city." *Id.* at 725, 129 S.E. at 490.

Similarly, in *Hinchey v. Ogden,* in a negligence action against the operator of a motor vehicle, the plaintiff also sued the Superintendent of the Expressway for breach of official duty in failing to provide traffic controls sufficient to prevent drivers from entering the wrong lane of travel. The trial court sustained a motion to dismiss as to the Superintendent on the basis of sovereign immunity. This Court granted the plaintiff an appeal from that order, holding that, under *Bowles*, the judgment was appealable. *Hinchey,* 226 Va. at 236-37 and n.1, 307 S.E.2d at 892 and n.1.

The nature of this exception to the general rule was further explained in *Wells v. Whitaker,* in which this Court stated that "an adjudication final in its nature *as to a collateral matter, separate and distinct from the general subject of the litigation* and affecting only particular parties to the controversy, may be appealed prior to the determination of the case against all defendants." 207 Va. at 628, 151 S.E.2d at 432 (emphasis added). Thus, a judgment is final and appealable when the interests of the parties before the trial court are "severable" rather than "identical," under the following definition:

> "[The] judgment is severable when the original determination of those issues by the trial court and reflected in the judgment or any determination which could be made as a result of an appeal cannot affect the determination of the remaining issues of the suit, nor can the determination of such remaining issues affect the issues between plaintiff and the dismissed defendants if such defendants are restored to the case by a reversal."

*Id.* at 629, 151 S.E.2d at 432-33 (emphasis omitted) (citation omitted).

In *Wells v. Whitaker,* as in the present case, it was claimed that an order dismissing one of several defendants was final at the time it was entered. In that case, a defendant, H.B. Whitaker, was dismissed when the trial court held that he was not a joint venturer with H.W. Whitaker, another defendant who remained in the case. However, we held that the order was not final, because, "[s]hould plaintiff secure a reversal on his theory that H.B. Whitaker was a joint venturer, then H.B. Whitaker might be charged with liability for the same acts or omissions which are the basis of H.W. Whitaker's liability." *Id.* at 629, 151 S.E.2d at 433.

The facts and allegations of this case place it in the same category as *Whitaker* and distinguish it from *Bowles* and *Hinchey.* As in *Whitaker*, the interests of the defendants in this case, Caudill, the

Springfield Church, and the Capital Area Church, are joint and not severable. The allegations against the Churches all derive from the alleged actions of Caudill; Leggett's allegations against the Churches relate to their ratification of Caudill's conduct, their negligent failure to investigate Caudill's fitness for the ministry and to respond to Leggett's request for assistance, and their breach of Leggett's employment contract by permitting Caudill's actions to cause her "constructive discharge."

Moreover, the bar of the Act's exclusivity provision (Code § 65.2-307), the subject of Leggett's appeal, was the same bar that was pleaded by the other defendants and was unresolved as to them in Counts II and III when the October 7, 1992 order was entered. Thus, the trial court's adjudication of this question as to Caudill did not pertain to "a collateral matter, separate and distinct from the general subject of the litigation." *Wells v. Whitaker,* 207 Va. at 628, 151 S.E.2d at 432.

For these reasons, we hold that the exception of *Bowles* and *Hinchey* is inapplicable, and that, pursuant to the general rule of *Wells v. Jackson,* the trial court's order entered October 7, 1992, dismissing some but not all of the parties involved in the case, was not an appealable order. Therefore, we dismiss this appeal as improvidently awarded.

*Dismissed.*