# CIRCUIT COURT OF THE CITY OF SUFFOLK

A. J. Wenzler

v.

Robert J. Hartsoe
and Timothy Miller

January 28, 1994

Case No. CL93–0379

BY JUDGE E. EVERETT BAGNELL

This matter came before the court on plaintiff's Motion for Judgment seeking monetary damages for the alleged legal malpractice of the current and former Suffolk Public Defenders in plaintiff's trial and subsequent conviction on two counts of rape. Defendants have filed a Special Plea of Immunity, Demurrer and Motion to Dismiss plaintiff's Motion for Judgment. The parties have submitted briefs and memoranda setting forth their respective positions to the Court, and the matter is ripe for decision.

As to the first ground of demurrer, the Court agrees with the defendants, that in order to state a cause of action for legal malpractice arising from negligent misrepresentation in a criminal proceeding resulting in the conviction of the plaintiff on the crime charges, plaintiff must plead and prove that the conviction has been reversed or annulled on appeal or in habeas corpus proceedings. As a matter of public policy, a guilty person should not be permitted to recover damages for his criminal acts unless and until his conviction for the crime has been set aside or overturned.

As to the special plea of sovereign immunity, it is undisputed that defendants were employed as Public Defenders at the time of their representation of the plaintiff. Public Defenders are employees of the Commonwealth of Virginia, serving a program devised, sponsored, and funded by the state pursuant to authority expressly conferred by the

General Assembly. Va. Code § 19.2–163.1 *et seq.* They are responsible for providing legal services for indigent persons charged with crime. The Court finds that the state has an interest in providing such legal services to indigents in an efficient and cost-effective manner.

The Court further finds that Public Defenders are paid a state salary fixed by the Public Defenders Commission and receive no payment or compensation from the clients they are assigned to represent. Va. Code § 19.2–163.2(2).

In accordance with these findings, the Court is guided by the principles set forth in *Lohr v. Larsen*, 246 Va. 81, 431 S.E.2d 642 (1993), and *Gargiulo v. Ohar*, 239 Va. 209, 387 S.E.2d 787 (1990), and holds that the defendants are protected by sovereign immunity.

Accordingly, it is hereby ordered that the defendant's Special Plea of Immunity and Demurrer are granted and plaintiff's Motion for Judgment is dismissed.