## CIRCUIT COURT OF THE CITY OF RICHMOND

James A. Butler

v.

Robert G. Cabell
and H. Pratt Cook, III

February 14, 1996

BY JUDGE T. J. MARKOW

This matter is before the court on Demurrers and Motions to Dismiss filed by defendants Cook and Cabell. A brief summary of the allegations in the Motion for Judgment follows.

Plaintiff's Motion for Judgment states that he retained defendant Cabell as his counsel for a criminal matter in 1990. Plaintiff further alleges that during the course of this representation, he consented to the hiring of an investigator, but not to the hiring of another attorney. Plaintiff declares that the co-defendant, Cook, was hired by Cabell as co-counsel without Plaintiff's consent and in violation of the fee-splitting rule of the Code of Professional Responsibility. Additionally, the plaintiff claims that he gave special power of attorney to defendant Cabell because Cabell informed him that it was a way to have some of the federally seized property released to the attorney for payment of fees associated with the case. Plaintiff avers further that Cabell violated guidelines of the federal criminal division by not receiving approval before taking possession of any of the seized property.

Plaintiff also claims that defendant Cabell conspired with the government to force him to testify against strangers. He states that Cabell shirked his duty to defend him and prevent unjustified lock-downs in prison. Fur-

thermore, he declares that Cabell's representation of another man who testified against Plaintiff was illegal and that the testimony revealed aspects concerning the crime that were discussed with defendant Cabell concerning Plaintiff's defense. Finally, Plaintiff asserts that defendant Cabell misrepresented the amount of services rendered to the plaintiff during his defense. He claims that the actions taken by defendants were fraudulent, negligent, deceitful, and constituted malpractice and resulted in his conviction and incarceration. Plaintiff seeks punitive and compensatory damages for these acts. The court will address each defendant separately.

### *Defendant Cook*

Cook offers three main arguments to support his Demurrer and Motion to Dismiss. Specifically, he states that the Motion for Judgment fails: (1) to allege acts, errors, or omissions by, of or regarding him personally which would constitute a cause of action, (2) to state a cause of action concerning Counts III, V, and VI, and (3) to declare plaintiff's innocence concerning the criminal charges. Primarily, defendant Cook is correct in asserting that Plaintiff failed to allege actions taken by him which could be the basis of a claim for legal malpractice. Only in Section III and Section VI is defendant Cook mentioned. Moreover, Section VI states summarily that Cook breached his duty to represent the plaintiff.

As far as these allegations are concerned there is no cause of action. First, the claims set out in Sections III, V, and VI are based on alleged violations of the Code of Professional Responsibility. The Supreme Court of Virginia has held that the Code of Professional Responsibility does not grant an individual a private cause of action. *Carter v. Williams*, 246 Va. 53, 60, 431 S.E.2d 297 (1993).

Second, Plaintiff does not allege facts sufficient to support a claim against Cook. As mentioned above, the Motion for Judgment only mentions Cook twice. There are no facts alleged which link him to the alleged misrepresentation of hours committed to the defense work by Cook and the final count concludes without a factual basis that would impose liability on Cook. Finally, Plaintiff does not state a claim upon which relief can be obtained. Before a convicted client can recover damages from an attorney for malpractice resulting in his incarceration, he must plead that but for the attorney's conduct he would not have been incarcerated. *Woodfin v. Bowen*, No. 85-0465-R, (E.D. Va. 1985) aff'd by Fourth Circuit; *West v. Doran*, 83-L-366 (1986); *Barney v. Montgomery*, 24 Va. Cir. 412 (1991). Favorable disposition on a habeas corpus petition or other post-conviction

relief is the only manner in which this proximate cause can be demonstrated to exclude the possibility of the plaintiff's culpability for his incarceration. *Wenzler v. Hartsoe*, 32 Va. Cir. 334 (1994). There are no such allegations here. The pleading is fatally deficient. Therefore, the demurrer will be sustained as to defendant Cook.

### Defendant Cabell

Defendant Cabell offers many of the same arguments in the memorandum supporting his Demurrer and Motion to Dismiss. Cabell argues that the claim is insufficient because (1) the allegations of Count II do not support a cause of action, (2) the pleading fails to state a cause of action upon which relief may be granted concerning Counts III, V, and VI, (3) Count IV fails to allege a breach of any duty owed, (4) the claimant fails to allege his innocence and favorable post-conviction or habeas corpus relief, and (5) the statute of limitations. For some of the reasons stated above, this court also finds that defendant Cabell is entitled to have his demurrer sustained.

The complaint fails to state a cause of action upon which relief may be recovered concerning Counts III, V, and VI because it is based on violations of the Code of Professional Responsibility. Moreover, Plaintiff failed to allege his innocence or receipt of favorable post-conviction relief as is required. In addition, the statute of limitations has run on these claims.

When legal malpractice is claimed, the period at which the statute begins to run is the conclusion of representation for that matter. *Keller v. Denny*, 232 Va. 512, 518, 352 S.E.2d 327 (1987). Plaintiff was convicted for his crimes on October 3, 1991. Plaintiff does not indicate that any further action was taken by the defendants after October 3, 1991. Therefore, October 3, 1991, is the latest date that the statutes would begin to run. Since plaintiff's action for negligence during legal representation is not alleged to be based on a written contract, an oral contract is assumed to be the basis of the duties at issue.

As a result, the three year statute of limitation applies to this contractually based claim. Va. Code § 8.01-246. Within *Olyear v. Kerr*, 217 Va. 88, 225, S.E.2d 398 (1976), the Supreme Court explained that "the statute of limitations applicable to breach of contract governs actions for legal malpractice, although the action may sound in tort, because 'but for the contract no duty . . . would have existed'." *MacLellan v. Throckmorton*, 235 Va. 341, 343, 367 S.E.2d 720 (1988). This claim was not brought until October 2, 1995, thus the statute has run as to all counts in the Motion for

Judgment even those alleging fraud since they are based on the contractual duty which Cabell is alleged to have owed the Plaintiff. For the reasons stated above, Cabell's demurrer will be sustained and the case dismissed.

Plaintiff has filed a motion that the court defer any action on the Defendant's Demurrer and Motion to Dismiss pending discovery and an opportunity for further research. Discovery is improper in consideration of the fact that the matters to be decided before the court are based on the Motion for Judgment. The deficiencies in the pleading are substantive and would not be altered by further research. The Motion to Defer action is overruled.