Present:  All the Justices

C. LINWOOD GREGORY

                    OPINION BY JUSTICE LAWRENCE L. KOONTZ, JR.
v.  Record No. 951272                    April 19, 1996

MILDRED M. HAWKINS

            FROM THE CIRCUIT COURT OF NEW KENT COUNTY
                    Fred W. Bateman, Judge


     In this appeal of a judgment for attorney malpractice, the
dispositive issue is whether the client proved that the
attorney's conduct was a proximate cause of the client's loss.
 The issue arises from the following pertinent facts which are
recited in the light most favorable to the client, the prevailing
party at trial.

     Mildred M. Hawkins (Hawkins) was the owner of a motel in New
Kent County.  In December 1984, Hawkins secured a contract to
sell the business and its attendant property to Wesley and Norma
Wilson (the Wilsons).  After the contract was negotiated and
signed, Hawkins retained C. Linwood Gregory (Gregory), an
attorney, to advise and assist her in concluding the sale.

     On February 20, 1985, the Wilsons indicated that they
intended to default on the contract unless Hawkins agreed to a
revision of its terms.  They alleged that Hawkins had
misrepresented the financial and physical condition of the
business.  Gregory advised Hawkins of the terms of a proposed
addendum to the contract, which reduced the selling price and
interest rate provided for in the original agreement.  On the
basis of Gregory's advice, Hawkins agreed to the reductions.

     On February 21, 1985, Gregory prepared and presented to

Hawkins an indemnity agreement related to the sale of the business.  The agreement provided that for a period of five years after the sale Hawkins would "hold harmless the Wilsons from and against any and all cost, expense, liability, damage or other deficiency resulting from any misrepresentations by [Hawkins]."  Gregory testified that it was his custom to have such agreements available "in other closings of this nature."  There was no indication that the Wilsons ever requested such an agreement.  However, Gregory mailed the agreement to the Wilsons.

Hawkins testified that she questioned Gregory about the indemnity agreement when he presented it to her.  She testified that Gregory indicated it was not a part of the contract and that it just made her responsible for any "operational debts" she might have.  She further testified that Gregory told her he had forgotten to have her sign the agreement earlier and that he only wanted to put it in his file in case he ever needed it.

The Wilsons subsequently sued Hawkins (the Wilson suit), alleging that she had misrepresented the condition of the business and its attendant property.  The Wilsons alleged alternative theories of liability, relying both upon fraud and the indemnity agreement.  Judgment was ultimately rendered for Hawkins on the ground that the statute of limitations had run on the claim of fraud and that the indemnity agreement did not provide for a recovery for innocent misstatements of fact under a theory of constructive fraud, but only for actual fraud, which was not supported by the evidence.  Hawkins testified that she expended over $18,000 defending the Wilson suit, but presented no

expert or other evidence relating the costs incurred as to each of the individual theories of liability.

On March 31, 1994, Hawkins instituted the present action against Gregory by a two-count motion for judgment.  Hawkins alleged in her first count that Gregory had committed legal malpractice in advising her to sign the addendum to the contract.  In the second count, styled as "Fraud and Misrepresentation," Hawkins detailed the circumstances surrounding the signing of the indemnity agreement, alleging that "Gregory intentionally misrepresented an existing material fact, to wit, that the document which he asked plaintiff to sign was in fact an indemnity agreement . . . ."

At the conclusion of Hawkins' case-in-chief in a bench trial, Gregory moved to strike the evidence on various grounds, including Hawkins's failure to present expert testimony on the standard of care owed by an attorney under the facts presented and the failure to present evidence that the breach of that standard proximately caused the damages for which recovery was sought.  After hearing argument on the motion, the trial judge ruled:  "I'm going to strike the evidence as to the malpractice charge and fraud charge. . . . [E]xclusive, however, of the indemnity situation."

Gregory then proceeded with his case, presenting expert testimony that his actions conformed to the applicable standard of care in reviewing and advising Hawkins concerning the indemnity agreement.  The expert further testified that it was "within the standard of care to also offer a business

recommendation for purposes of making the deal work."

In rendering judgment for Hawkins, some confusion arose over the basis of the trial court's prior ruling on the motion to strike and the basis for its final judgment. Consistent with their differing views, counsel for both parties prepared draft judgment orders at the direction of the trial court. At the hearing on the proposed orders, the trial court stated that the pleading of the second count, however nominated, alleged "that [Gregory's] conduct was misconduct in the strongest sense of that term . . . ." In ruling that expert testimony was not required to establish Gregory's duty of care, the trial court stated that "it's so self-evident that it doesn't need a qualification by a standard. In other words, misconduct is misconduct here or wherever insofar as professionalism is concerned."

In the final order entered April 12, 1995, the trial court "entered judgment against [Gregory] with respect to the allegations of misrepresentation set forth in Count II and awarded [Hawkins] compensatory damages in the amount of $9,100.00 for attorney's fees and $1,275.00 in costs expended in the defense of [the Wilson suit] filed against plaintiff based on an indemnity agreement alleged in Count II of the motion for judgment." We awarded Gregory this appeal.[*]

To sustain her claim for legal malpractice, Hawkins was

_____

[*]Because of our view that the issue of proximate cause of the damages asserted by Hawkins is dispositive in this case, we will assume that the trial court properly exercised its discretion to reform the pleading of Count II to conform with the evidence. Code § 8.01-377. The trial court clearly dismissed the allegation of fraud.

required to plead and prove that an attorney-client relationship existed between her and Gregory which gave rise to a duty, that Gregory neglected or breached that duty, and that the neglect or breach was a proximate cause of her claimed damages. Allied Productions v. Duesterdick, 217 Va. 763, 764-65, 232 S.E.2d 774, 775 (1977). Each of these elements is necessary to establish a prima facie case of legal malpractice, a mere allegation of negligence or breach of a duty being insufficient to support an action for legal malpractice. Campbell v. Bettius, 244 Va. 347, 352, 421 S.E.2d 433, 436 (1992)("the client must prove that the attorney's negligence proximately caused the damages claimed"); Duvall, Blackburn, Hale & Downey v. Siddiqui, 243 Va. 494, 497, 416 S.E.2d 448, 450 (1992)(client must show "damages claimed were proximately caused by the attorney's negligence").

We will assume, without deciding, that expert testimony was not required to establish the existence of the duty and the breach. Compare Seaward International, Inc. v. Price Waterhouse, 239 Va. 585, 592, 391 S.E.2d 283, 287 (1990)(expert testimony required to establish all three elements of liability for malpractice except where they fall within the common knowledge of the trier of fact) with Beverly Enterprises v. Nichols, 247 Va. 264, 267, 441 S.E.2d 1, 3 (1994)(expert testimony not required where "the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience"). Nonetheless, we hold that the record fails to establish, by evidence, expert or otherwise, the necessary element of proximate causation of the damages claimed.

Our recent decision in Hazel & Thomas v. Yavari, 251 Va. 162, 465 S.E.2d 812 (1996), is dispositive of the proximate causation issue in this appeal. There, we held that the question of proximate causation in an attorney malpractice case, as in any negligence action, is subject to an initial determination of law before becoming an issue to be decided by the trier of fact. Id. at 166, 465 S.E.2d at 815. We said that if "the evidence is such that reasonable minds could not differ as to the outcome, the issue of proximate cause should be decided by the court, not the jury." Id. In a bench trial, the court is not divested of its role as determiner of law even though it also acts as trier of fact.

In Hazel & Thomas, the issue was whether one party to a contract would have agreed to certain provisions which the attorneys representing Yavari failed to negotiate. We held that absent evidence that the terms would have been agreed to by the other party, or that Yavari would not have accepted the contract without the provisions, the evidence did not, as a matter of law, sustain a finding of proximate causation. 251 Va. at 166-67, 465 S.E.2d at 815.

In this case, Hawkins sought damages to compensate her for "expend[ing] large sums of money defending [the Wilson suit]." The record clearly establishes that, while the Wilsons relied on the indemnity agreement as an alternate basis for alleging Hawkins' liability, they also alleged actual fraud. Because the indemnity agreement did no more than establish her liability for actual fraud, the predicate for her having to defend against the

allegations by the Wilsons was not the agreement, but her underlying acts.

The five-year term of the agreement had the practical effect of extending the statute of limitations on the fraud claim, but this does not alter the fact that the basis for bringing the suit was independent of the agreement itself.  Nothing in the record establishes that the existence of the agreement was the instigating factor of the Wilson suit or increased the cost of defending the suit.  In short, nothing in the record establishes that absent the indemnity agreement the Wilsons would not have filed their suit against Hawkins.

Under the rationale of <u>Hazel & Thomas</u>, we hold that Hawkins' evidence failed as a matter of law to establish that Gregory's conduct was a proximate cause of the loss sustained by Hawkins. Accordingly, we will reverse the judgment of the circuit court and enter final judgment for Gregory.

<u>Reversed and final judgment</u>.