# CIRCUIT COURT OF THE CITY OF NORFOLK

Philip J. Ostrander

v.

Louis N. Joynes, II,
and Joynes & Beiber, P.C.

Case No. (Law) L94-2543

BY JUDGE EVERETT A. MARTIN, JR.

May 29, 1996

The plaintiff filed his motion for judgment against Louis N. Joynes, II ("Joynes") on May 26, 1994. Service was not requested until April 7, 1995, and Joynes was served on April 13, 1995. Joynes filed his answer on May 1, 1995. On March 11, 1996, the plaintiff lodged an amended motion for judgment that also names Joynes & Beiber, P.C. (the "firm") as a co-defendant. The amended motion for judgment was ordered filed on April 16, 1996, although no order to that effect has yet been prepared by counsel for the plaintiff. Counsel for all parties appeared on April 26, 1996, to argue the plea of the statute of limitations. The plea will be sustained.

The issue on the plea is the date of accrual of the plaintiff's cause of action. The plaintiff contends that his cause of action against the firm did not accrue until the United States Court of Appeals for the Fourth Circuit granted his petition for a writ of habeas corpus on February 1, 1995. Counsel for the firm contends that the plaintiff's cause of action accrued when Joynes ceased to represent the plaintiff on the criminal charge, which the parties have stipulated was no later than November 1, 1990. All parties agree that the

applicable statute of limitations is three years pursuant to Code of Virginia § 8.01-246(4); *Oleyar v. Kerr*, 217 Va. 88, 225 S.E.2d 398 (1976).

The accrual of a cause of action in Virginia is governed by Code § 8.01-230, which provides in part:

> In every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person, when the breach of contract or duty occurs in the case of damage to property and not when the resulting damage is discovered … .

Several Virginia cases have established that a cause of action for legal malpractice accrues and that the statute of limitations begins to run when the breach of contract or duty occurs and that is when the attorney's services rendered in connection with the particular undertaking are terminated. *McCormick v. Romans and Gunn*, 214 Va. 144, 198 S.E.2d 651 (1973); *Keller v. Denny*, 232 Va. 512, 352 S.E.2d 327 (1987); *MacLellan v. Throckmorton*, 235 Va. 341, 367 S.E.2d 720 (1988).

*Keller* and *MacLellan* were decided since the 1977 enactment of Code § 8.01-230, but they are both cases of legal malpractice causing damage to property. This is a legal malpractice case alleging injury to the person. However, in *Grubbs v. Rawls*, 235 Va. 607, 369 S.E.2d 683 (1988), and *Justice v. Natvig*, 238 Va. 178, 381 S.E.2d 8 (1989), the Supreme Court applied the continuing relationship doctrine to medical malpractice causes of action accruing after the enactment of Code § 8.01-230 although the statute was not mentioned in either case. Thus, I conclude the continuing relationship rule would also apply to a claim of legal malpractice resulting in injury to the person assuming the injury occurs before the end of the representation on the undertaking.

The plaintiff contends this rule ought not to be applied to a claim of legal malpractice arising out of an attorney's representation of his client in a criminal matter because the former client does not have a cause of action until his conviction has been reversed on appeal or until a writ of habeas corpus has been granted. There are several Virginia Circuit Court opinions that hold the client has no cause of action until such relief has been granted. *Barney v. Montgomery*, 24 Va. Cir. 412 (Lee County 1991); *Wenzler v. Hartsoe*, 32 Va. Cir. 334 (Suffolk 1994); *Butler v. Cabell*, 38 Va. Cir. 361 (Richmond 1996).

The elements of a cause of action are (1) a legal obligation of the defendant to the plaintiff, (2) a violation or breach of that duty, and (3) harm

or damage to the plaintiff as a proximate cause of the violation or breach. *Locke v. Johns-Manville Corp.*, 221 Va. 951, 275 S.E.2d 900 (1981). If counsel has rendered ineffective assistance, he must have done so before the representation ends. In *Locke*, the Supreme Court defined "injury" to mean "positive physical or mental hurt to the claimant ... . Thus, the running of the time is tied to the fact of harm to the plaintiff ... ." 221 Va. at 957, 275 S.E.2d at 904. Incarceration is most certainly positive physical and mental hurt. It would thus seem to me the client would have a cause of action even without such post-conviction relief having been granted but that it might be difficult, if not impossible, to prove negligence or proximate cause without such relief. By analogy, a person claiming injury from medical malpractice has a cause of action when the course of treatment ends or on the date of injury, if later, and not on the date a second doctor gives him an opinion that the first doctor's negligence caused the injury.

The plaintiff has not cited any Virginia case that has held contrary to *Keller* or *MacLellan* on the accrual of a cause of action for legal malpractice. The plaintiff has cited a number of cases from other states, and he principally relies on *Stevens v. Bispham*, 316 Ore. 221, 851 P.2d 556 (1992). Issues about statutes of limitations are peculiarly matters of state law. Oregon law follows the "discovery" rule in determining when a cause of action for legal malpractice accrues. 316 Ore. at 227, 851 P.2d at 559. As noted above, Virginia does not. The adoption of the Oregon rule would expose criminal defense attorneys to indeterminate liability to suit and to the very evils that statutes of limitation are enacted to prevent: lost records, dead or missing witnesses, and faded memories. For, as former Justice Lewis Powell noted in his remarks on the bicentennial of the Supreme Court of Virginia:

> There is no limit to the number of times that a prison inmate, whose conviction of a state crime has been affirmed by the highest court of a state, may obtain federal court review of his conviction. Chief Justice Burger, addressing this problem of multiple relitigation, has noted that a prison inmate may "continue his warfare with society" for years without limit. 220 Va. at xviii.[2]

---

[2] Congress has very recently passed and the President has signed a law imposing time limits on the filing of writs of habeas corpus in federal court to challenge state court convictions. 28 U.S.C. § 2244(d). How much of a limit this will provide cannot now be determined as the federal courts have yet to construe the statute.

I thus conclude the plaintiff's cause of action against the firm accrued at the termination of Joynes's representation and is thus barred by the statute of limitations.

July 9, 1997

By order dated June 12, 1996, I sustained the plea of the statute of limitations filed by Joynes & Bieber. In *Adkins v. Dixon*, 253 Va. 275, 482 S.E.2d 797 (1997), the Supreme Court of Virginia adopted, in dictum, a rule on the accrual of a cause of action for legal malpractice in the representation of criminal defendants that I had rejected in my letter of May 29, 1996. The plaintiff has now filed a motion for leave to file an amended motion for judgment naming Joynes & Bieber again as a defendant. The motion will be granted.

The issue is the finality of the order of June 12, 1996. As a general rule, an order dismissing an action against one defendant is not final for purposes of appeal if other defendants remain in the case. *Wells v. Whitaker*, 207 Va. 616, 628, 151 S.E.2d 422, 432 (1966); *Leggett v. Caudill*, 247 Va. 130, 133, 439 S.E.2d 350, 351 (1994). Under the general rule, the order at issue would not be final.

However, there is an exception to this rule when the adjudication is to "a collateral matter, separate and distinct from the general subject of the litigation and affecting only particular parties to the controversy." *Wells v. Whitaker, supra*; *Leggett v. Caudill*, 247 Va. at 134, 439 S.E.2d at 352. In *Leggett*, the Court also stated the distinction as being whether the interests of the parties are "severable" or "joint" under this definition.

> The judgment is severable when the original determination of those issues by the trial court and reflected in the judgment or any determination which could be made as a result of an appeal cannot affect the determination of the remaining issues of the suit, nor can the determination of such remaining issues affect the issues between plaintiff and the dismissed defendants if such defendants are restored to the case by a reversal. *Ibid.*; *Wells v. Whitaker*, 207 Va. at 629, 151 S.E.2d at 432-33.

The first part of this definition is satisfied. The dismissal of Joynes & Bieber does not affect Joynes's liability *vel non* or the amount of the plaintiff's damages. In *Hinchey v. Ogden*, 226 Va. 234, 307 S.E.2d 891 (1983), the dismissal of the highway superintendent on the basis of sovereign immunity

did not affect the liability of the defendant driver or the plaintiff's damages. In *Bowles v. Richmond*, 147 Va. 720, 129 S.E. 489 (1925), the dismissal of the city for failure to give notice of claim did not relate to the merits of the underlying case between the plaintiff and the remaining defendant.

The second part of the definition is not, however, met in this case. The determination of the remaining issues of the action, i.e., Joynes's liability and the plaintiff's damages, would affect issues between the plaintiff and Joynes & Bieber if Joynes & Bieber were restored to the action by a reversal. If Joynes is found liable and also to have been acting within the scope of his employment, then Joynes & Bieber is presumably jointly and severally liable for at least compensatory damages. If Joynes is exonerated, then Joynes & Bieber has no liability to the plaintiff. *Roughton Pontiac Corp. v. Alston*, 236 Va. 152, 372 S.E.2d 147 (1988).

*J. F. Toner & Son, Inc. v. Staunton Production Credit Assoc.*, 237 Va. 155, 375 S.E.2d 530 (1989), was a choice of statute of limitations case. The decision does not state what the remaining issues were between the plaintiffs and the other defendants, nor does it even cite *Wells v. Whitaker*, the leading case on the issue.

Ms. Eveleigh shall prepare the appropriate order allowing thirty days from its entry for the plaintiff to again file an amended motion for judgment naming Joynes & Bieber as a defendant.

November 24, 1997

The defendants have demurred to the plaintiff's second amended motion for judgment. Defendant Joynes has also objected that the amendments exceed the leave granted. I agree that the amendments made in the second amended motion for judgment exceed the leave to amend granted by the court's order of August 1, 1997. However, because leave to amend is liberally granted and the issue has been fully briefed and argued, I will consider whether the second amended motion for judgment sufficiently states a cause of action. I conclude that to maintain an action for legal malpractice arising out of past representation on criminal charges, the plaintiff must allege and prove his innocence of the former charges against him.

This court's order of August 1, 1997, and the letter opinion incorporated therein by reference granted the plaintiff leave to amend for the purpose of naming Joynes & Bieber as a defendant. In the second amended motion for judgment, the plaintiff not only added Joynes & Bieber as a defendant, but he also made other amendments. The amendment at issue is the deletion of the

original allegation of the plaintiff's innocence (see amended motion for judgment, March 7, 1997, paragraph 7) and the substitution of the following:

> Plaintiff has never been lawfully convicted of the charges, has not lawfully confessed to the underlying conduct, has never been recharged with the crimes originally alleged and is presumed innocent.

Second amended motion for judgment, August 22, 1997, paragraph 18. This change was beyond the scope of the court's leave to amend and is therefore improper.

Virginia courts have followed the majority rule by requiring a former criminal defendant bringing a legal malpractice action to allege and prove his innocence of the crimes previously charged. *Adkins v. Dixon*, 253 Va. 275, 482 S.E.2d 797 (1997); *Barney v. Montgomery*, 24 Va. Cir. 412 (1991). In *Adkins*, a jury found Adkins guilty on sixteen criminal charges. His former attorney, Dixon, asserted a speedy trial defense on ten of the charges, and the convictions on those ten were reversed. Adkins filed a malpractice action against Dixon for failing to raise the same defense in a timely manner on the six remaining charges. The Supreme Court held that Dixon's demurrer should have been sustained on two distinct grounds. First, Adkins did not allege he had obtained post-conviction relief. Second, Adkins did not allege he was innocent of the charges for which he had been convicted. By failing to plead each of these facts, the Court concluded Adkins had failed to state a cause of action for legal malpractice. 253 Va. at 281-2, 482 S.E.2d at 801-2.

To survive the demurrer in this case, the plaintiff argues he is only required to plead that the defendant attorney had a duty toward the plaintiff, that he breached that duty, and that the breach was the proximate cause of the plaintiff's damages. *Gregory v. Hawkins*, 251 Va. 471, 468 S.E.2d 891 (1996). The plaintiff distinguishes *Adkins* on the ground that Adkins had not received post-conviction relief. As the plaintiff here has obtained post-conviction relief, he claims he need not plead and prove his actual innocence.

Although the facts of *Adkins* differ from those present, I believe that decision controls. The Supreme Court in *Adkins* could have based its decision solely upon Adkins' failure to obtain post-conviction relief. It did not do so. It unanimously reversed the Circuit Court's conclusion that Adkins was not required to allege his innocence. The *Adkins* court emphasized not only legal guilt, but also "actual guilt is a material consideration" of a former criminal defendant's malpractice claim. 253 Va. at 282, 482 S.E.2d at 802.

The majority of American courts have reached the same conclusion. For example, in *Glenn v. Aiken*, 409 Mass. 699, 569 N.E.2d 783 (1991), a plaintiff

had been convicted of arson and sued his former attorney for malpractice. Even though the conviction had been reversed, the court required the plaintiff to prove his innocence of the charges which had been filed against him. In *Tibor v. Superior Court of Los Angeles*, 61 Cal. Rptr. 2d 326 (Cal. Ct. App. 1997), the charges brought against a former criminal defendant were dismissed before conviction. Nevertheless, the court required him to prove his innocence to maintain his legal malpractice claim. See also *Carmel v. Lunney*, 70 N.Y.2d 169, 511 N.E.2d 1126 (1987); *Bailey v. Tucker*, 621 A.2d 108 (Pa. 1993); *Morgano v. Smith*, 879 P.2d 739 (Nev. 1994).

I recognize that Alaska does not require a plaintiff to prove his innocence, but rather, makes the plaintiff's guilt an affirmative defense. *Shaw v. Alaska*, 861 P.2d 566 (Alaska 1993).

At argument the plaintiff relied on our Supreme Court's citation to *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995), at the end of *Adkins*. As the plaintiff in *Peeler* never denied her guilt, the issue of requiring a malpractice plaintiff to prove innocence was not considered by the Supreme Court of Texas. Thus, *Peeler* does not support the plaintiff's contention that he should not be required to allege and prove his innocence.

The ancient maxim *ex turpi causa non oritur actio* remains the public policy of Virginia. *Adkins*, 253 Va. at 282, 482 S.E.2d at 802. *See also Wackwitz v. Roy*, 244 Va. 60, 418 S.E.2d 861 (1992); *Zysk v. Zysk*, 239 Va. 32, 404 S.E.2d 721 (1990). Requiring the plaintiff to plead and prove his innocence supports this policy. I sustain the defendants' demurrer because the plaintiff's second amended motion for judgment fails to plead his actual innocence of the sexual abuse charges.

Ms. Ianniello will prepare the appropriate order granting the plaintiff ten days' leave to amend the *first* amended motion for judgment *only* to add Joynes & Bieber as a party.