# CIRCUIT COURT OF THE CITY OF ROANOKE

Verna Mae Lewis

v.

John S. Edwards

December 15, 2000

Case No. CL00-1137

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff has filed a motion for judgment against her former attorney, claiming that he negligently represented her in a tax issue before the Internal Revenue Service and the Department of Justice. She says that as a direct and proximate result of his negligence, she was convicted in a federal criminal court of eight felonies. Plaintiff alleges that these felony convictions caused her to lose her medical license and damaged her reputation. She further claims that she suffered emotional distress and pain and suffering as a result of her incarceration on these felonies. Defendant has filed a demurrer, which the Court sustains.

## Legal Malpractice

When reviewing pleadings on demurrer, the Court "will consider as true the facts alleged in the motion for judgment, the facts impliedly alleged therein, and the reasonable factual inferences that can be drawn from the facts alleged." *Delk v. Columbia/HCA Health Care Corp.*, 259 Va. 125, 129 (2000). In this case, Plaintiff does not affirmatively allege that she is innocent of the crimes for which she stands convicted, nor does she allege that her convictions have been set aside in post-trial proceedings. By inference, her pleadings say that she committed, was guilty of, and was convicted of eight felonies involving federal tax matters. She believes that her lawyer was negligent in representing her in pre-trial matters before governmental agencies

and that he was unable to have her tax difficulties treated as a civil case. To allow the Plaintiff to go forward on that theory would allow her to receive a monetary gain as a result of her crimes. The Court declines to do that. In Virginia, the rule is that the "courts will not assist a participant in an illegal act who seeks to profit from the act's commission." *Johnson v. Campbell*, 258 Va. 453, 457 (1999).

### Right of Action

Notwithstanding the above finding, in order to recover in this sort of legal malpractice action, Plaintiff's pleadings must allege that she was innocent of the crimes for which she was convicted and that her convictions have been set aside or resolved in her favor as a result of some sort of post-conviction relief granted by the Courts. See *Adkins v. Dixon*, 253 Va. 275, 281, 282 (1997). In this factual situation, innocence and post-conviction relief are elements of the tort for which she seeks redress. She has no right of action until all of these elements exist. Defendant's demurrer is sustained with prejudice as to her current premature suit, but not as to a right of action that may accrue in the future.