## CIRCUIT COURT OF AUGUSTA COUNTY

Judy Gayle Desetti

v.

Jack Lee,
Superintendent,
Middle River
Regional Jail

May 28, 2013

Case No. CL12-1005

BY JUDGE JAY T. SWETT

Judy Gayle Desetti was convicted of a felonious assault of a law enforcement officer on June 2, 2010. She was sentenced to the mandatory minimum six months in jail. After exhausting her right of appeal, she began serving her sentence on July 16, 2012. On August 17, 2012, Ms. Desetti filed a Habeas Corpus Petition seeking to set aside her conviction on several grounds. She completed her sentence on December 21, 2012. Upon completion of her sentence, Ms. Desetti was not on probation. Because she served the entire sentence, she was under no legal restraint or under any post-conviction supervision.

While pursuing her appeal, Ms. Desetti was notified that her license to practice nursing was suspended by the Commonwealth of Virginia Department of Health Professions as a result of her felony conviction. Shortly thereafter, she was dismissed from her employment as a nurse. The issue before this court is whether Ms. Desetti's Habeas Petition is moot since she no longer is under any legal restraint or subject to any further confinement. Or, in light of the decision in *E.C. v. Virginia Department of Juvenile Justice*, 283 Va. 522, 722 S.E.2d 827 (2012), is the suspension of her nursing license a "collateral consequence" of her conviction such that there is a justiciable controversy and the case is not moot. The term "collateral consequence" in habeas corpus jurisprudence primarily evolved

in the federal courts and is summarized in *E.C. v. Virginia Department of Juvenile Justice*, 283 Va. at 531.

It is reasonable to suggest that, prior to the Supreme Court of Virginia's decision in *E.C. v. Virginia, supra*, most courts would conclude that Ms. Desetti's habeas petition does not present a case or controversy since the relief available in a successful habeas petition is either to "discharge or remand [petitioner], or to admit [petitioner] to bail. . . ." Va. Code § 8.01-662. Further, in *Carroll v. Johnson*, 278 Va. 683, 685 S.E.2d 647 (2009), the Court stated that habeas relief is available to challenge detention "so long as an order entered in the petitioner's favor will result in a court order, that, on its face and standing alone, will directly impact on the petitioner's confinement." 278 Va. at 693. Since Ms. Desetti is not confined, not on parole or probation, and not under a suspended sentence or term of good behavior, her case would not, except for the decision in *E.C. v. Virginia Department of Juvenile Justice*, appear to present a justiciable controversy in a case seeking habeas relief. It is important to distinguish between mootness and jurisdiction. There is no question that this court has jurisdiction to entertain Ms. Desetti's petition since she filed it while incarcerated. The fact that she was released before her petition is heard does not divest this court of jurisdiction. *Laing v. Commonwealth*, 205 Va. 511, 514, 137 S.E.2d 896 (1964).

In *E.C. v. Virginia Department of Juvenile Justice*, the trial court was presented with a habeas petition filed by a juvenile challenging his juvenile adjudication of breaking and entering and rape on the ground that a plea agreement he accepted was constitutionally invalid. The juvenile alleged ineffective assistance of counsel who advised the juvenile to accept the plea agreement and who thereafter did not file a timely petition to set aside his adjudication after the victim recanted her testimony. 283 Va. at 526. As of the date the habeas petition was filed, the juvenile had been released from his commitment to the Department of Juvenile Justice and was on parole supervision by the local district court services unit. Six days after the habeas petition was filed, the juvenile was released from further parole supervision. The trial court granted the Department's motion to dismiss the petition finding that it lacked jurisdiction since the juvenile was no longer under any form of detention or legal restraint. The trial court also found the case was moot for the same reasons it found it lacked jurisdiction. 283 Va. at 527.

On appeal, the Virginia Supreme Court reversed the trial court and held that there was jurisdiction to hear the petition since the petition was filed when the juvenile was on parole. Here, Ms. Desetti's petition was filed while she was incarcerated, so jurisdiction is not in question. Further, the Court held that the matter was not moot, finding the juvenile had pleaded sufficient "collateral consequences" as a result of his adjudications and that his allegations were "sufficient to sustain a continuing controversy."

283 Va. at 536-37. The allegations that were deemed sufficient to create a "continuing controversy" included the requirement that he register as a sex offender, that his delinquency adjudication could be used in a future criminal proceeding as a basis for enhanced punishment should he be convicted, that, as a registered sex offender, he would not be eligible to serve as an adoptive or foster parent, and that he would be restricted in his choice of schools and employment such as in home health care or nursing positions. 283 Va. at 533.

In this case, Ms. Desetti contends that her nursing license was suspended as a direct result of her felony conviction of assaulting a law enforcement officer. Once her license was suspended, she lost her nursing job at a local hospital. While she acknowledges she is no longer confined, not under any supervision, and not subject to any additional sentencing in this or any future case, the inability to work at her chosen profession is a collateral consequence of her conviction and that the suspension of her license would be lifted if her habeas petition is granted. In her reply brief, Ms. Desetti also contends that additional collateral consequences that burden her as a result of her conviction include those applicable to all felons such as the loss of her right to vote, to hold public office, and to own a firearm. The difficulty with these assertions is that they apply to all felons and if deemed to be sufficient "collateral consequences" to create a justiciable controversy, there would be an unprecedented expansion of the availability of habeas relief.

In ruling that the allegations asserted by the juvenile in *E.C. v. Virginia Department* were sufficient to create a justiciable controversy, the Court's decision was not very helpful is guiding trial courts as to what kind of consequences are sufficient to determine if a given case is or is not moot. The Court simply said the collateral consequences alleged in *E.C. v. Virginia Department*, presumably taken as a whole, were sufficient to avoid a finding that the case was moot. There was no discussion in the decision about which of the several consequences, either individually or taken together, were sufficient to create as justiciable controversy in the context of a habeas petition.

There is little question that, in this case, Ms. Desetti lost her job once her nursing license was suspended as a result of her conviction. Under the reasoning in *E.C. v. Virginia Department*, this court finds that this is a sufficient collateral consequence such that a justiciable controversy exists for this case to go forward. If she is successful in this case and is granted relief, the order of this court could set aside her felony conviction and she would be eligible to have her nursing license restored. Respondent's argument that, notwithstanding her felony conviction, Ms. Desetti could still apply to the Board of Nursing for reinstatement of her license is more of an exhaustion argument than grounds to find there is no justiciable case or controversy. If Ms. Desetti is successful in this case and her conviction is set aside, the prospects of her license being reinstated certainly improve.

In conclusion, this court finds the case presents a justiciable controversy, and the case will proceed with an evidentiary hearing on July 9, 2013, beginning at 9:00 a.m.