## CIRCUIT COURT OF AUGUSTA COUNTY

Judy Gayle Desetti

v.

Francis Chester et al.

April 7, 2014

Case No. CL 13-002019-00

By Judge A. Joseph Canada, Jr.

This is a legal malpractice action, and the plaintiff challenges the defendant attorney's negligence in a criminal case. The allegations are set forth in detail in the Plaintiff's complaint and the defendant's demurrer. In short, the plaintiff was charged and convicted of a felony assault and battery on a law enforcement officer. The lawyer, defendant in the legal malpractice action, had represented Ms. Desetti on the felony charge. The plaintiff was sentenced to a mandatory minimum of six months in jail and lost her nursing license as a result of her conviction. The plaintiff maintained a successful habeas corpus action, resulting in her conviction being vacated based on ineffective assistance of counsel.[1]

The issue before the Court is whether the defendant's demurrer should be sustained.

The law of Virginia appears to impose on the plaintiff the initial burden of pleading that his or her attorney's alleged malpractice and not his or her own criminal actions proximately caused his or her injury. Virginia law appears to require the alleged negligence is actionable only upon a determination that the underlying claim would have been resolved differently but for the attorney's negligence. Thus, where the plaintiff complains that his attorney's negligence resulted in the wrongful conviction, the plaintiff has obviously met the initial burden of pleading proximate causation if he alleges (1) that he was actually innocent of the crime charged, (2) that the defendant's negligence resulted in his wrongful conviction, and (3) that he was exonerated by means of post-conviction relief. See Adkins v. Dixon, 253 Va. 275, 281-82, 482 S.E.2d 797 (1997).

---

[1] Desetti v. Lee, 87 Va. Cir. 16 (2013). [Reporter's Note]

In the *Adkins* case, Adkins, represented by Dixon, was conviction of sixteen felonies. On appeal, the Court of Appeals reversed ten of the sixteen convictions based on speedy trial violations. Attorney Dixon raised the speedy trial objection on the remaining six charges for the first time on appeal to the Virginia Supreme Court, and the Court refused to consider the objection. Adkins challenged the quality of this representation and the legal malpractice action without obtaining post-conviction relief as to the six charges. The trial court sustained the defendant's demurrer which challenged Adkins' failure to plead that he was innocent of the charges that resulted in his conviction and he had secured reversal of his conviction in post-trial proceedings.

The *Adkins* court sustained the demurrer applying Virginia's Rule that "Courts will not assist the participant in an illegal act who seeks to profit from the acts' commission." In the case at bar, the defendant, after the felony conviction was thrown out by the habeas corpus action, pleaded guilty to assault of the police officer.

The defense cites *Jones v. Link*, 493 F. Supp. 2d 765 (E.D. Va. 2007), in trying to distinguish the case at bar from the *Adkins* case, stating that the federal case did not require the pleading of actual innocence in *Jones v. Link*. But that case was a sentencing error, and, in the case at bar, the defendant was guilty of assault and pleaded guilty, and, therefore, cannot profit from her own acts as outlined in the *Adkins* case.

In *Lewis v. Edwards*, 54 Va. Cir. 257 (Roanoke 2000), the plaintiff claimed that her lawyer had committed malpractice representing her in tax matters which resulted in criminal convictions. In several respects, Lewis' claim of harm is similar to those in the case at bar.

> She says that, as a direct and proximate result of his negligence, she was convicted in a federal criminal court of eight felonies. Plaintiff alleges that these felony convictions caused her to lose her medical license and damaged her reputation. She further claims that she suffered emotional distress and pain and suffering as a result of her incarceration on these felonies.

*Lewis v. Edwards*, 54 Va. Cir. at 257.

Lewis alleged neither actual innocence nor post-conviction relief. The Roanoke Circuit Court sustained the defendant's demurrer stating:

> In order to recover in this sort of legal malpractice action, the plaintiff's pleadings must allege that she was innocent of the crime for which she was convicted and that her convictions have been set aside or resolved in her favor as a result of some sort of post-conviction relief granted by the courts. In this factual situation, innocence and post-conviction relief are

elements of the tort for which she seeks redress. She has no right of action until all of these elements exist.

*Lewis v. Edwards*, 54 Va. Cir. at 258 (citation omitted).

The present matter is distinguishable in that the plaintiff has obtained post-conviction relief attributable to ineffective assistance of counsel by the defendant. Thus, the original conviction of a felony was vacated in her habeas corpus action. However, Desetti has not and cannot allege actual innocence because she pleaded guilty upon retrial. Courts will not assist the petitioner in an illegal act who seeks to profit from the acts' commission.

The full facts are not set out in *Ostrander v. Joynes*, 46 Va. Cir. 518 (Norfolk 1996). Nevertheless, it is clear that the plaintiff obtained post-conviction relief from a criminal conviction but failed to plead actual innocence. Following *Adkins*, the trial court sustained the defendant's demurrer on that basis.

> The Supreme Court in *Adkins* could have based its decision solely upon Adkins' failure to obtain post-conviction relief. It did not do so. It unanimously reversed the Circuit Court's conclusion that Adkins was not required to allege his [actual] innocence. The *Adkins* Court emphasized not only legal guilt, but also "actual guilt" is a material consideration of a former criminal defendant's malpractice claim.

*Ostrander v. Joynes*, 46 Va. Cir. at 523.

It appears to me that the law of Virginia requires two elements as a requisite for a legal malpractice claim. The fact that the plaintiff pleaded guilty is grounds to sustain the demurrer. Therefore, this Court sustains the demurrer.